CHARLES M. AULLS AND JAMES L. WHITFORD v. LEWIS
YOUNG.

98    231
f140 ² 32
98    231
f145 ³240

*Contract—Burden of proof—Evidence—Damages.*

1. Where, in a suit to recover damages for the failure of the defendant to deliver lambs purchased by the plaintiffs; the only dispute as to the terms of the sale is the time agreed upon for such delivery, the defendant claiming that it was fixed for an. earlier date than that alleged by the plaintiffs, and that they refused to receive the lambs at that date, the burden of proof is upon the plaintiffs to prove the contract as alleged by them by a fair preponderance of the evidence, and a failure so to do will prevent a recovery.

2. Plaintiffs may show the price of lambs at the time of the alleged breach in a city the market price of which controlled that of the place of sale, and with reference to which it was made.

3. Market reports, as shown in a newspaper called the "Live Stock Review," published in said city, showing the quotations on the day of the alleged breach, are admissible as tending to establish the market price of the property in dispute.[1]

4. One of the plaintiffs testified on cross-examination that at the time of the purchase he made a memorandum of the contract, in the presence of the defendant, in a book in which he was accustomed to enter such purchases, and at the request of the defendant's counsel he produced the book, and was cross-examined therefrom. And it is held that the book was admissible on his redirect examination, not as evidence of the contract, but as bearing upon the weight to be given to the testimony of the witness.

Error to Eaton. (Smith, J.) Submitted on briefs December 15, 1893. Decided December 22, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts. are stated in the opinion.

*James M. Powers,* for appellant.

*Huggett & Smith,* for plaintiffs.

[1] See *People v. Dow,* 64 Mich. 717.

GRANT, J. Plaintiffs were dealers in live stock, and on March 3, 1892, made a verbal contract with defendant for the purchase of 255 lambs, to be delivered at the stock yards at Charlotte, at 6½ with the wool on, or 5¼ with the wool off. Plaintiffs agreed to notify defendant within 10 days after March 3 whether they would take them with the wool on or off. If taken with the wool on, they were to be delivered in March; if taken with the wool off, they were to be delivered some time in April. Plaintiffs elected to take them with the wool off. Plaintiffs claimed that they were to have the entire month of April within which to take them. The defendant claimed that they were to take them not later than the first of the second week in April. The time of the delivery was the only dispute as to the terms of the contract. Plaintiffs paid $20 earnest money to bind the bargain. Defendants sheared the sheep the 1st day of April, and notified plaintiffs of that fact, and that the sheep were ready for delivery. Plaintiffs declined to take them then, insisting that they had the whole month of April in which to take and pay for them. Defendant afterwards told plaintiffs that he would keep the sheep until the 11th, and that if they were not taken by that time he would otherwise dispose of them. They declined to take them, and on the 14th defendant sold the sheep to other parties. April 26 plaintiffs notified defendant to deliver the sheep on the 27th. Plaintiffs then brought this suit to recover damages for breach of the contract. They recovered judgment in justice's court for $80.79. On the trial in the circuit court they recovered verdict and judgment for $24.31. The evidence, so far as is material, will be stated in connection with the discussion of the errors assigned.

1. Plaintiff Aulls was a witness, and testified to the terms of the contract. On cross-examination defendant's counsel elicited the fact that the witness made a memo-

randum of the contract in a book wherein he was accustomed to make entries of his purchases. At the request of defendant's counsel the witness produced the book, which the counsel took, examined, and cross-examined him therefrom, not only as to this item, but as to other items therein. Witness testified that this entry was made at the time of the purchase, and in the presence of the defendant, but was not read to him. The material part of it read as follows: "$6\frac{1}{2}$ in March, with wool, or $5\frac{1}{4}$, April, sheared." On redirect examination this book was offered and received in evidence under objection that it was incompetent, the judge stating:

"I think it is admissible under the situation the case is in. I don't think it would be admissible as original evidence. I think it may be admitted, inasmuch as it has been gone into for cross-examination. I don't think it is an evidence of sale."

We see no error in this ruling. The entire subject was elicited on cross-examination, which was of such a character as naturally to cast some discredit on the witness. It was therefore proper for the jury to examine it under the instruction that it was not evidence of the original contract, but might bear upon the weight to be given to the testimony of the witness.

2. Defendant, on direct examination by his counsel, testified to the number of pounds of wool sheared. On cross-examination he was asked the price he received for it. This was answered without objection. Thereupon counsel for defendant moved to strike it out, which was denied. We do not think defendant can complain of this ruling, since he opened the door to it by showing the amount of the wool. Under the charge of the court as to damages this testimony could not have been considered by the jury, since they were limited to the difference between the price agreed on and the market price at the place of delivery.

3. Plaintiffs were permitted to show the price of sheep in the Buffalo market on the 27th of April. This was competent under the evidence, which clearly shows that the price at Charlotte was controlled by .the market price at Buffalo, and the purchase was made with reference to that market. The case of *Cuddy v. Major*, 12 Mich. 368, and other authorities cited in defendant's brief, are not applicable to this case. In *Cuddy v. Major* special damages were claimed because the plaintiffs had contracted for three cars to take hogs to New York, and had an insufficient number to fill them on account of the defendants' failure to deliver those purchased from them.

4. The court admitted in evidence the market reports as shown in a newspaper called the "Live Stock Review," showing the quotations on April 27. The evidence was competent. This point is ruled by *Sisson v. Railroad Co.*, 14 Mich. 489.

5. The court instructed the jury that the burden of proof was upon the plaintiffs to prove the contract they alleged by a fair preponderance of the evidence. He also said:

" On the other hand, the burden of proving the contract as defendant alleges it to be is upon him, and he must prove it by a fair preponderance of the evidence."

This was error. There was no shifting of the burden of the proof to the defendant. It remained throughout with plaintiffs. If they did not prove their contract, there could be no recovery.

For this error the judgment should be reversed, and a new trial ordered.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.