WILLIAM C. DOHERTY & another *vs.* AARON J. HARRIS.

Middlesex.    March 11, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Hearsay, Best evidence, Market reports, Of value.

In this, Commonwealth quotations of prices and market reports, compiled from statistics received from large dealers as to actual transactions in the open market published in a standard trade journal recognized by dealers as a reliable source of information, are not admissible as evidence of the value of the commodities whose prices are quoted therein when better evidence is obtainable and the parties who furnished the evidence to the trade journal can be called as witnesses.

CONTRACT for breach of an agreement for the sale of scrap iron to the plaintiff. Writ dated April 21, 1917.

In the Superior Court the case was tried before *King*, J. The material evidence and the only exception relied on by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $3,721.73; and the defendant alleged exceptions.

*W. D. Regan*, for the defendant.

*A. S. Howard*, for the plaintiff.

CARROLL, J. In this action the plaintiff recovered damages for breach of a contract to deliver machinery cast iron. The defendant offered in evidence a copy of "The Commercial Bulletin," a trade journal published in Boston, which purported to contain market reports and quotations of prices of No. 1 machinery and No. 1 cast scrap iron for the week ending February 17, 1917, and quoted such iron at $21 per long ton, and also evidence to prove that "The Commercial Bulletin" is a standard publication recognized by dealers in metals as a reliable source of information, its reports being compiled from statistics received from large dealers in metals. This evidence was excluded. The iron in question was to be delivered in Lowell; "The Commercial Bulletin" was published in Boston; and although it showed the prices for this metal in Boston only, the paper could not be excluded on

that ground as there was evidence from the defendant's experts — and apparently not disputed — that the fair market values of No. 1 machinery and of No. 1 cast scrap iron were the same in Lowell as in Boston.

While stock quotations and market reports, if shown to represent prices received in the open market and actual sales, are considered competent evidence of market values in some jurisdictions, see *Virginia* v. *West Virginia,* 238 U. S. 202, 213; *Mount Vernon Brewing Co.* v. *Teschner,* 108 Md. 158; *Aulls* v. *Young,* 98 Mich. 231, in this Commonwealth it is settled that they are not competent, however reliable the source from which the information is derived. They are hearsay evidence; and, when better evidence was obtainable and the parties furnishing the information could have been called, the quotations are not admissible. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 261. In the case at bar the defendant called two experts who gave evidence of the market value of the iron, and there was no intimation that there was any difficulty in securing witnesses who could testify to its value. Under these circumstances the evidence offered was inadmissible, and the judge was right in excluding it.

*Exceptions overruled.*