### HARTFORD–CONNECTICUT TRUST CO. et al. v. DOHERTY et al.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1923.)

#### No. 3726.

1. **Corporations ⬉562(1)—Refusal to permit filing of cross-bill for collection of unpaid stock subscriptions in receivership suit held not error or abuse of discretion.**

   In a creditors' suit, in which a receiver for a railroad was appointed, it was not error, or an abuse of discretion, to deny an application of lien-holders for leave to intervene and file a cross-bill for the collection of an alleged indebtedness on stock subscriptions, where there had been no refusal by the receiver to take action for collection thereof, or refusal by the District Court to take proper action to enforce the stockholders' liability.

2. **Appeal and error ⬉949—Corporations ⬉562(1)—Application in receivership suit for leave to file cross-bill held addressed to court's discretion, and denial reviewable only if discretion abused.**

   An application in a creditors' suit, in which a receiver was appointed for a railroad, for leave to intervene and file a cross-bill for collection of an alleged indebtedness on stock subscriptions was addressed to the court's discretion, and its denial was not subject to review unless the discretion was abused.

3. **Corporations ⬉562(1)—Whether facts justify effort to collect stock subscription is primarily for court in which receivership pending.**

   Whether the facts justify an effort by suit to recover alleged stock subscriptions is primarily for the court in which the railroad receivership is pending.

---

[2] The printed record begins as if a petition to revise, but continues and ends as an appeal.

**4. Corporations** ⚙➾562(1)—**Receiver is proper person to sue on subscriptions unless in case of failure or unfitness.**

The receiver of a railroad is normally the proper person to bring suit to collect alleged stock subscription, unless in case of his refusal or neglect to do so or his unfitness therefor.

Appeal from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Suit in which the Hartford-Connecticut Trust Company and others filed an application for leave to intervene, opposed by Henry L. Doherty, and others. From an order denying the application, applicants appeal. Affirmed.

Albert H. Miller, of Toledo, Ohio (Miller & Brady and Chas. A. Seiders, all of Toledo, Ohio, on the brief), for appellants.

Geo. D. Welles, of Toledo, Ohio (Tracy, Chapman & Welles, of Toledo, Ohio, on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This appeal involves the single question whether, in this creditors' suit, in which a receiver had already been appointed over the property of the railway company defendant, the district court rightly denied the application of certain holders of liens upon defendant's property for leave to file in the cause a bill in intervention, making parties thereto not only such lienholders, but also certain parties asserted to be indebted to the defendant on account of unpaid subscriptions to its capital stock. By the order denying appellants' application for leave to intervene, plaintiffs were permitted, on their application, to file an amended and supplemental bill, making all the lienholders parties defendant—no order being otherwise made regarding the collection of the alleged indebtedness upon stock subscriptions. Several of the defendant lienholders, including the three appellants here, have since appeared in the cause, and one of such defendant lienholders has filed an answer and cross-bill of the same general nature as that proposed to be filed by appellants, seeking to recover the unpaid stock subscriptions. No action has been taken with reference to that cross-bill. Plaintiff's counsel, while denying that stockholders' subscriptions can be enforced by cross-bill on the part of either an intervening defendant (such as appellants) or of a defendant made such on plaintiff's application, concedes in writing that under the cross-bill so actually filed the right to relief in respect to stock subscriptions is no less than it would have been under appellant's proposed cross-bill, had the filing of the latter been permitted.

[1-4] In our opinion the court did not err, in the then stage of the cause, in refusing appellants' application for leave to intervene and try out on their cross-bill the merits of the alleged stock subscriptions. The application was addressed to the court's discretion, and the denial is not subject to review unless discretion was abused. Lisman v. Knickerbocker Co. (C. C. A. 6) 211 Fed. 413, 423, 128 C. C. A. 85. We are not satisfied of such abuse. The determination whether the facts justify an effort by suit to recover such alleged stock subscrip-

⚙➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tions is primarily for the court in which the receivership is pending, and normally the receiver is the proper one to bring suit; that is to say, unless in case of his refusal or neglect to do so, or his unfitness therefor. Whether the question of stockholders' liability shall be determined directly by the receivership court or through ancillary proceeding need not now be determined.[1]

It will be time enough, we think, to consider that question when, if ever, the receiver shall refuse to act or shall act improperly, or when, if ever, the district court shall decline to take proper action to enforce or inquire into such stockholders' liability. We should not now assume that such situation will arise.

The order of the District Court, complained of, is affirmed.