W. W. KUEHL, Appellant, v. A. M. PARMENTER et al., Appellees.

**FRAUD:** **Measure of Damages—Worthless Corporate Stock.** A plaintiff who, *without a rescission,* sues for damages consequent upon having been fraudulently induced to subscribe for corporate stock, and who proves the fraud, may not recover the entire amount paid on the contract unless he proves that the stock 'was *worthless.*

*Appeal from Polk District Court.—*J. D. WALLINGFORD, Judge.

MARCH 13, 1923.

ACTION at law to recover damages representing a sum of

money paid by plaintiff to the defendants as part of the purchase price of shares of corporate stock for which plaintiff claims defendants, as selling agents, jointly procured him to subscribe through fraudulent representations. Upon the conclusion of plaintiff's testimony defendants moved for a directed verdict. The trial court sustained the motion and entered judgment for costs against the plaintiff who appeals.—*Affirmed.*

*John A. Holland* and *John McLennan,* for appellant.

*Wilson & Shaw* and *Brockett, Strauss & Blake,* for appellees.

DE GRAFF, J.—Plaintiff signed a contract for the purchase at par value of 100 shares of the capital stock of the Planters Terminal Elevator Company and in consideration therefor paid $3,000 in cash and executed and delivered his promissory notes in the sum of $7,000. Under the terms of the contract the stock was to issue when fully paid for. The stock has not issued and the notes have not been paid, although past due. The defendant Parmenter was a director and stockholder in the Elevator Company and at the time of the contract of purchase by the plaintiff was also an agent of the corporation in the sale of its stock.

It is alleged by plaintiff that he was induced through the fraudulent representations of Parmenter, as specifically pleaded, to subscribe for the 100 shares of capital stock. The damages sought to be recovered is the amount of cash paid by plaintiff, to wit; $3,000, when he signed the stock subscriptions.

The evidence offered by plaintiff in support of the material allegations of his petition are undisputed. The defendants offered no testimony. When plaintiff rested a motion for directed verdict was made on behalf of the defendants and the motion was sustained by the trial court. This appeal concerns itself with the correctness of that ruling.

It may be stated at the outset that the court properly directed the verdict in favor of the defendant Farmers Savings Bank of Grimes. We discover nothing in the record that con-

nects the bank with the fraud alleged, except that Parmenter was the president of the defendant bank. This is not enough.

Did the court err in sustaining the motion as to defendant Parmenter? This case sounds in tort. It is an action in deceit. There was no rescission. The essence of the action is fraud and this necessarily means actionable fraud. What are the essential elements? Briefly stated they are (1) false material representations relied on by plaintiff and made by the defendant with knowledge of their falsity with the intent to defraud (2) damages proximately resulting therefrom. *Tapper v. Washington Ref. Co.* 192 Iowa 253.

It is unnecessary to incumber this opinion with the specific fraud pleaded or the evidence offered in support thereof. Sufficient to state that the plaintiff made a prima-facie case against the defendant Parmenter on the allegations of fraud constituting the inducement in the purchase of the stock in question. The difficulty of decision does not inhere in the record in this particular.

The instant case is within the purview of the rule making an agent personally and jointly liable for a fraudulent act. If an agent acts in good faith within the scope of his authority he is not personally liable but his principal alone is bound by his representations, if in fact false; but an agent is personally liable when he causes another person to act to his damage by falsely representing a material fact as true within his knowledge. When the matters falsely represented by the agent may be said to be within his personal knowledge and he is not in a position to claim that in fact he had no knowledge concerning the representations made by him, then knowledge is imputed to him and upon this fact *scienter* is predicated.

In the instant case bad faith and fraud are charged against the agent personally on the theory that the defendant was not only the selling agent of the corporation but was a director and stockholder in the corporation. This in itself does not create a fiduciary relationship and the buyer of the stock and the agent were dealing at arm's length. A personal liability, however, may be asserted. *Riley v. Bell*, 120 Iowa 618.

We will not assume therefore that the court directed a verdict on the ground that there was no evidence tending to show

"that any fraud was perpetrated as alleged by the defendant Parmenter." The troublesome question involves the measure or rule of damage. Did the plaintiff establish by competent evidence his recoverable damage? Did the plaintiff offer any evidence upon which the court could properly instruct a jury as to the quantum of damages recoverable on the fraud pleaded? The plaintiff seeks to recover the cash payment of $3,000. It is in effect a prayer for restitution of the money paid to the agent at the time the contract of purchase was signed. Clearly the contract is nonseverable. As stated there was no rescission or attempt to rescind. The defendant Parmenter was simply the conduit through which the cash and notes of plaintiff passed to the Planters Terminal Elevator Company and that company is not a party to this action.

May it be said as a matter of law that the amount of cash paid by the plaintiff is the measure or rule of recoverable damage? Is an agent subject to a different measure or rule of damage in tort than his principal? Let us suppose that no cash had been paid by the plaintiff, but he gave his notes for the full amount of the subscription, or let us suppose that the stock, in part or in whole, had issued? Would a different rule of damage be applied? The right of the plaintiff under his contract to receive the stock from the corporation is still an existing right and upon the tender of the amount due as evidenced by his notes he could demand the issuance of the stock and the corporation would be under a legal obligation to issue it. If the stock purchased is proved to be entirely worthless, or the vendor insolvent, it is not incumbent on the vendee to offer to return it.

The value of the stock is purely speculative. The record discloses that the corporation had $8,000 in its treasury at the time of the alleged fraudulent transaction. What other tangible assets were in its possession is not disclosed by the evidence. The question presented, then, is whether the amount of cash paid at the time of the alleged fraudulent subscription is the measure of recoverable damage? We think not. Under the facts and circumstances the trial court could not so instruct. The true rule or measure is the difference between the fair and reasonable market value of the shares at the time the subscriptions were taken and what would have been the value thereof if the

facts had been as represented.    There is neither plea nor proof
on this proposition.

The plaintiff had a choice of legal remedies.    He had the
right to rescind upon notice after discovering the fraud and to
demand restitution thereby establishing the *status-quo ante,* or
he could elect to let the transaction stand and sue for damages.
*State Bank v. Brown,* 142 Iowa 190; *Tidgwell v. Bouma,* 176
Iowa 47.    Apparently he attempted the latter but failed in his
proof of damages.    Plaintiff might seek relief in equity by a
prayer for rescission and cancellation and to recover his actual
cash investment.    Rescission in this event is not a condition
precedent to his right to sue.

Briefly summarized the evidence introduced in support of
the allegations of plaintiff's petition and his prayer for relief
therein does not offer a basis for the correct rule or any rule
for the measurement of legal damages.    The judgment entered
must be and is—*Affirmed.*

PRESTON, C. J., EVANS, STEVENS, ARTHUR, and FAVILLE,
JJ., concur.