SECURITY SAVINGS BANK, Appellee, v. S. D. STURTZ, Appellant.

**BILLS AND NOTES: Fraud—When Not Complete Defense.** The maker of a negotiable promissory note may not plead fraud in the inception of the note *as a complete defense*, unless he pleads (1) rescission or (2) *total* failure of consideration.

*Appeal from Boone District Court.*—E. M. McCALL, Judge.

DECEMBER 11, 1923.

ACTION by assignee of a note executed by defendant for $1,250, as an initial or cash payment on a subscription contract for stock in the Des Moines Union Stock Yards Company. Defense of fraud, inducing execution of the note, was pleaded, without rescission. At the close of defendant's testimony, verdict was directed for plaintiff. Defendant appeals.—*Affirmed.*

*F. W. Ganoe,* for appellant.

*T. J. Mahoney* and *F. L. Mackey,* for appellee.

ARTHUR, J.—On November 20, 1919, defendant, appellant, signed a contract for the purchase of stock of the Des Moines Union Stock Yards Company, wherein he agreed to purchase "50 shares of Des Moines Union Stock Yards Company, and agreed to pay therefor $100 per share, total, $5,000, payable as follows: Not less than one fourth cash accompanying this purchase, and the balance thereof as evidenced by my promissory note of even date and number herewith. As soon as the total purchase price has been paid in cash a certificate for the stock hereby purchased is to be delivered to me."

At the time appellant so subscribed for said stock, he executed two notes: one for $1,250, being the note in suit, and one for $3,750. Both notes drew the same rate of interest, 6 per cent, and became due the same day, one year after date. Plaintiff bought the note in suit on the day of its execution, giving therefor a certificate of deposit payable to the Des Moines Union Stock Yards Company, for $1,250, due in one year, bearing interest at 4 per cent. The contract for purchase of stock, as will be observed, provided that at least 25 per cent be paid in cash. The note in suit represented the cash payment, and upon receipt of the certificate of deposit given for the note, the company credited defendant on his stock subscription with 25 per cent of said subscription, or $1,250. On March 17, 1920, the Des Moines Union Stock Yards Company went into the hands of a receiver. The company went into the hands of a receiver before the note and certificate of deposit given for it became due, and the certificate of deposit went into the hands of the receiver, and was paid to the receiver when it became due, on November 20, 1920. On April 23, 1921, this action was begun, to recover on the $1,250 note. The action is the ordinary one for recovery on a note. The note is negotiable in form.

Defendant answered, alleging that he was induced to subscribe for the stock and execute the notes by false and fraudulent representations made to him by stock salesmen of the Des Moines Union Stock Yards Company, which he believed and

relied on in subscribing for the stock and executing the note in suit and the other note accompanying subscription contract.

Appellee, plaintiff, replied, alleging that it was a holder in due course; that it acquired the note by issuance of its certificate of deposit for $1,250; that it acquired said note without notice or knowledge of any infirmities in the instrument; that the note was executed as and for the cash payment of one fourth, or $1,250, mentioned in the subscription contract; that the company sold and indorsed the note to appellee for the purpose of procuring the cash required to accompany the subscription; that said Des Moines Union Stock Yards Company accepted the certificate as cash, and appellant was thereupon given credit upon the books of said company for a cash payment of $1,250 on the subscription so made; that appellant has never at any time rescinded or attempted to·rescind the contract so made by him with the Des Moines Union Stock Yards Company, and has never demanded of said company or its receiver, or of appellee, the return of the note, and has never rescinded or repudiated the credit so given him of the cash payment of $1,250; that appellant still has credit on the books of said company for said sum, and the advantage resulting to him therefrom in the liquidation of the company's affairs; that, in March, 1920, a receiver was appointed for the Des Moines Union Stock Yards Company, to wind up the affairs of said company, and said receiver is now engaged in adjusting the affairs of said company;·that the court made an order providing that all claims against said company should be presented on or before February 1, 1921, for allowance; that appellant filed no claim with the receiver; that appellee had no knowledge or notice of any claim of infirmity in the note until long after the time for filing claims against the company had expired; that said company was insolvent; and that, in adjusting and winding up its affairs and in settlement of claims of creditors, the subscription contract of appellant became and is an asset of value in the hands of the receiver, and the credit given appellant by sale of the note in suit is of advantage and value to him.

In March, 1922, the case came on for trial to a jury. Plaintiff called as a witness Otto C. Herman, president of appellee bank, who produced the note in suit, and testified that the bank

purchased the note on the date it bears, November 20, 1919, and gave in purchase thereof a certificate of deposit for $1,250, due in one year. The note was introduced in evidence, and appellee rested.

Appellant offered evidence to prove the representations made to him by the stockholders concerning the enterprise of the Des Moines Union Stock Yards Company; that said representations were false, and known to be false by said salesmen; that he believed the representations, relied upon them, and was induced thereby to subscribe for the stock in question and execute the note in suit as part payment for said stock.

It is needless to set forth in detail the evidence offered by appellant in support of his allegations of fraud, in view of appellant's failure to predicate his defense upon either affirmance or rescission. Conceding, without deciding, that the evidence offered by appellant was sufficient to carry the case to the jury on the issues of fraud, it does not necessarily follow, under the facts in the case developed in the evidence, that the court erred in directing a verdict for appellee. Appellant did not allege either rescission or affirmance of the contract for subscription of the stock, or of the notes given in pursuance of the subscription, nor the credit received upon the stock subscription by reason of the cash obtained by sale of the note in suit by the company to appellee. Neither did appellant allege that the stock subscription and the credit received by him upon said stock subscription were worthless, and that there was nothing of value to rescind. The evidence offered affirmatively shows that appellant had never notified the company or the receiver of the company or appellee, of any fraud in the procurement of the stock subscription or the notes given in pursuance of the subscription. It also affirmatively appeared in the evidence that appellant had never rescinded or attempted to rescind or repudiate the stock subscription, the notes given in pursuance of the subscription, or the credit given him upon the books of the company of $1,250, by sale of the note in suit and cash paid to the receiver of the company therefor. It is affirmatively shown in the evidence that the note in suit was sold by the company to appellee; that appellee paid for the note by issuing a certificate of deposit for $1,250; that the certificate of deposit

was afterwards paid to the receiver of the company, and credit given to appellant on his stock subscription on the books of the company, in the amount of $1,250.

It also affirmatively appears from the evidence that the affairs of the Des Moines Union Stock Yards Company are in process of adjustment, but have not been liquidated; that there are unpaid claims outstanding; that the receiver operated the plant of the Des Moines Union Stock Yards Company for a time, at a profit of $6,000; that the receiver sold lands of the company, and received therefor $37,950; that the receiver has sufficient funds to pay the general claims filed against the company and the costs of receivership; that there are enough assets in the hands of the receiver to pay all claims of creditors which have been filed and allowed, and to pay receivership expenses, without taking into consideration as assets any notes which came into the hands of the receiver for stock subscriptions; that, at the time of the trial, there were funds in the hands of the receiver sufficient to pay all debts and expenses of receivership, and leave a balance for the benefit of the stockholders or subscribers for stock, among whom is appellant.

From the record it is apparent that the stock subscription of appellant, and consequently the credit of $1,250 received by appellant by reason of the sale of the note in suit, are of some value to appellant, and not worthless. If said stock subscription and credit on the books of the company were alleged to be and shown to be worthless, and of no advantage to the company or to appellant, there would be no occasion for rescission,—there would be nothing to rescind; but the evidence does not show such to be the situation. The stock subscription made by appellant is part of the assets of the company, in the hands of the receiver. The $1,250 credit given appellant on his stock subscription is of available advantage to appellant in any attempt by the receiver to collect the balance due upon stock subscriptions. Also, the credit received is of advantage to appellant in the distribution of any balance remaining in the hands of the receiver after payment of claims and expenses of receivership, and the evidence shows such a balance at the time of the trial, in some amount.

The trial court did not err in directing verdict for appellee

and in holding that appellant was in "position where he has some advantage by contract to buy the stock. He has this advantage: he has a credit on the books of the Des Moines Union Stock Yards Company for $1,250; he never has rescinded that credit; never has taken any action to rescind that credit or rescind the contract whereby he acquired that credit." It was necessary, in order to avail himself of the fraud pleaded as a complete defense to the note in suit, that appellant should plead and prove repudiation, and tender of rescission of his contract of stock subscription and the credit received thereon by virtue of the note in suit; and failure so to do was fatal to the maintenance of his defense, based on fraudulent representations. *Kuehl v. Parmenter*, 195 Iowa 497.

Results in affirmance of the case.—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.