CONTINENTAL NATIONAL BANK OF SIOUX CITY, Appellant, v.
CHARLIE GREENE, Appellee.

**TRIAL:** Argument—Opening and Closing—Party Having Full Burden
1 of Issues. A defendant is properly accorded the right to open and
close the argument when he pleads that, when he executed a re-
newal note to an indorsee, he had knowledge of the fraud in the
original note, but that he executed the renewal note because of the
false and fraudulent representation of the indorsee that he was a
holder of the note in due course.

**CONTRACTS:** Rescission—Plea of Return of Consideration. The maker
2  of a renewal note may not plead that said renewal note was exe-
cuted to the indorsee of the original note because of the false and
fraudulent representation of said indorsee that he was a holder
without notice or knowledge of fraud in the original note, unless
said maker also pleads and proves that he has returned or tendered
*everything of value received by him for the original note.* So held
where the original note was given for corporate shares· of stock.

**TRIAL:** Motion for Directed Verdict—Permissible Scope. The failure
3  of a party seeking to rescind a contract, to plead or prove a restora-
tion of the fruits of the contract received by him, may very properly
be presented by a motion for a directed verdict.

Headnote 1:   38 Cyc. p. 1307.   Headnote 2:   8 C. J. p. 931 (Anno.)
Headnote 3:   38 Cyc. p. 1565 (Anno.)

*Appeal from Crawford District· Court:*—M. E. HUTCHISON,
Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 2, 1925.

ACTION upon a promissory note. Verdict and judgment in
favor of defendant. Plaintiff appeals.—*Reversed.*

*Burgess & Gill* and *W. E. Kahler,* for appellant.

*P. W. Harding* and· *Andrew Bell,* for appellee.

STEVENS, J.—I. This is an action upon a promissory note
for $5,700, executed March 8, 1921, by appellee· to the appel-
lant, being the third renewal of a note for like amount, executed
by appellee to the Home Securities Company, a corporation, in
payment of a subscription for stock. The defense pleaded is
fraud in the original transaction. Although numerous rulings
of the court below are assigned as error by appellant, but two
of them require particular· mention. The other alleged errors
are either without merit, or are not likely to arise upon a retrial
of the case.

Appellee· in his answer set up numerous specific fraudu-
lent representations which he alleged were made to him by the

agent of the Home Securities Company, and which induced him to subscribe for the stock. The note in suit, as stated, is the third renewal note executed to appellant in lieu of the original note to the Securities Company. Appellee knew of the fraud charged, at the time the first renewal note was executed. He therefore alleged in his answer that he was induced to execute the renewal note by the false and fraudulent representations of the cashier of appellant bank that it was a bona-fide holder of the note for value, without notice of defects in the title of the Securities Company. Appellee also admitted the execution of the several notes.

The instructions placed the burden of all of the issues upon appellee, who was given the opening and closing arguments. Appellant complains of this ruling by the court. The right to

1. TRIAL: argument: opening and closing: party having full burden of issues.

open and close the argument is by the statute given to the party having the burden of the issue. The burden in this case clearly rested upon appellee. Appellee, in effect, conceded that, by the execution of the renewal note, with knowledge of the fraud, he waived the right to interpose fraud in the original transaction as a defense. It was to avoid the waiver that he pleaded fraud upon the part of the bank which induced him to execute the renewal note. In this state of the issues, the court properly placed the burden upon appellee of proving knowledge of the fraud upon the part of the officers of the bank. Appellee, having assumed the burden of all the issues, was entitled to open and close the argument. *Louisa County Nat. Bank v. Burr*, 198 Iowa 4.

II. Prior to the commencement of this action, on January 13, 1922, the affairs of the Home Securities Company were placed in charge of a receiver. Appellee neither pleaded nor

2. CONTRACTS: rescission: plea of return of consideration.

offered proof that he had rescinded the subscription and tendered the certificate back to the Securities Company, nor is there evidence from which the jury could have found that it was worthless and of no value.

Appellant, at the conclusion of all the testimony, moved the court to direct a verdict in its favor, upon the ground, among others, that it appeared from the evidence without dispute that

the stock purchased was delivered to appellee, and that he still retained the same in his possession. Appellee concedes the general rule that one seeking to avoid liability upon a contract obtained by fraud must rescind same within a reasonable time, and return, or offer to return, whatever of value he obtained by the transaction. This is a condition precedent to the right to plead the fraud as a complete defense. *Security Sav. Bank v. Sturtz,* 196 Iowa 1128; *Kuehl v. Parmenter,* 195 Iowa 497; *Exchange State Bank v. Buckley,* 198 Iowa 437.

Appellee meets the contention of appellant with the suggestion that he did not rely upon fraud in the original transaction as a defense; that same was pleaded as a mere incident of the transaction; but that the fraud which he relied upon was the representations of the cashier of the bank that it was a bonafide holder of the note. This position of appellee's is obviously unsound. If there was no fraud in the original transaction, the representations of the cashier that the bank was an innocent purchaser would have been wholly immaterial. The very purpose for which appellee pleaded fraud upon the part of the bank was to avoid the waiver arising from the renewal of the original note with knowledge of the fraud perpetrated upon him in the transaction out of which it arose. In other words, if there was no fraud in the original transaction, then clearly appellee has no defense to the note in suit. To entitle appellee to rely upon fraud in the original transaction as a complete defense, it was incumbent upon him, as already stated, to rescind the contract for the purchase of stock and to return or offer to return the certificates received by him from the corporation. There is no escape from this conclusion. It is suggested by appellee that appellant did not properly raise this question in the motion to direct a verdict, and by assignment in this court, or in any other

3. TRIAL: motion for directed verdict: permissible scope. way. The only possible purpose and effect of the matters stated in the motion for a directed verdict were to challenge appellee's right to rely upon the fraud as a complete defense, without proof of having rescinded the contract. No doubt the language of the motion could easily have been improved, and the real point urged brought out somewhat more specifically; but it was sufficient.

The motion should have been sustained; and for this reason the judgment of the court below is—*Reversed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.