## REAGAN v. MIDLAND PACKING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. September 30, 1925.)

No. 6930.

1. **Corporations** ☞240(1)—**Judgment creditor not entitled to maintain suit for collection of unpaid stock subscriptions after appointment of general receiver for corporation.**

Judgment creditor, whose claim against corporation had been proved and allowed in receivership in federal court, and had been established in state court, and judgment obtained thereon, *held* not entitled to maintain suit for collection of unpaid stock subscriptions, after appointment of general receiver for winding up affairs of corporation; such unpaid stock subscriptions constituting assets of corporation, on which receiver alone was entitled to maintain suit.

2. **Corporations** ☞621(7)—**Appointment of general receiver for insolvent corporation affects ordinary procedural rights of creditors in collection of their debts.**

Appointment of general receiver to wind up affairs of insolvent corporation always affects ordinary procedural rights of creditors of corporation in collection of their debts, whenever pursuit of such procedural rights would interfere with possession of assets of corporation by receiver.

3. **Bankruptcy** ☞282—**Corporations** ☞240(1)—**General receiver or trustee in bankruptcy has exclusive right to maintain suits for collection of corporation's unpaid stock subscriptions.**

After appointment of a general receiver to wind up affairs of a corporation, or appointment of a trustee in bankruptcy, such officer has sole and exclusive right to maintain suits for collection of unpaid stock subscriptions.

Appeal from the District Court of the United States for the Northern District of Iowa; Thomas C. Munger, Judge.

Bill by John A. Reagan, as trustee, against the Midland Packing Company and others. From an order of dismissal (298 F. 500), plaintiff appeals. Affirmed.

Robert J. Bannister, of Des Moines, Iowa (Frederick G. Ingersoll, of St. Paul Minn., and H. H. Stipp, E. D. Perry, Vincent Starzinger, and F. A. Little, all of Des Moines, Iowa, on the brief), for appellant.

E. A. Morling, of Emmetsburg, Iowa, and

A. C. McGill, of Des Moines, Iowa (Healey & Breen, of Ft. Dodge, Iowa, E. A. & W. H. Morling, of Emmetsburg, Iowa, Kindig, McGill, Stewart & Hatfield, of Sioux City, Iowa, Mallory & Leming, of Hampton, Iowa, and Jepson, Struble, Anderson & Sifford, of Sioux City, Iowa, on the brief), for appellees.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is an appeal from an order dismissing a creditor's bill. Plaintiff is trustee for the stockholders of the National Bank of Commerce in St. Paul, which formerly did business at that place, but later was consolidated with another bank. Defendant Midland Packing Company is a corporation for profit, organized in May, 1918, under the laws of the state of Iowa. Its authorized capital stock, common and preferred, was fixed by its articles at $3,500,000. By an amendment to its articles the capital stock was authorized to be increased to $8,000,000. The company sold $3,000,000 of its stock and received payment therefor. It also received subscriptions for $5,000,000 more, on which subscriptions there remains unpaid approximately $3,000,000. It built a packing plant at Sioux City, Iowa, costing approximately $3,165,000. In May, 1920, a receiver was appointed for the company by the United States District Court for the Northern District of Iowa. The receiver so appointed was a general receiver, with power to take possession of all of the assets of the corporation. Possession was taken by the receiver, and the assets and affairs of the corporation have been under the control of the court through its receiver ever since. The individual defendants are residents of Iowa, subscribers to the stock of the Midland Company, who have not paid in full the subscription price of said stock. Promissory notes given by these defendants for the unpaid balance of their subscriptions are still outstanding.

Additional facts are set up in the bill of complaint as follows: That the plaintiff brings this suit on his own behalf, and also on behalf of other creditors similarly situated who may wish to join in the suit; that he is a judgment creditor of the Midland Packing Company, having obtained judgment by default in the state court of Iowa upon the indorsement and guaranty of the Midland Company of certain promissory notes made to it by subscribers to its capital stock for the unpaid balance of the subscription price, which notes the company had sold and indorsed to the National Bank of Commerce; that execution upon said judgment has been returned unsatisfied; that the Midland Company is insolvent; that the individual defendants each executed a written agreement for the purchase of stock in the Midland Company, which agreement set forth the number of shares purchased, the purchase price thereof, and an agreement to pay for the same partly in cash and the balance according to the terms of promissory notes delivered with the subscription; that the amounts due and unpaid on said stock subscriptions from said individual defendants aggregate the sum of $1,279,404.70; that the amount of plaintiff's claim is $31,800.99, with interest; that the general unsecured claims of creditors of the Midland Company, who loaned and advanced money or sold goods and merchandise to said company, of the same general class as the claim of the plaintiff, amount to more than $1,750,000; that other claims, inferior in class and order of payment to the above-mentioned claims, amount to more than $2,000,000; that the receiver of the Midland Packing Company has sold the plant and other assets of the company, has received from the sale sufficient proceeds to pay expenses of administration, receiver's certificates outstanding, amounting to $142,000, and 15 to 20 per cent. to general creditors of the class of claims to which plaintiff's claim belongs.

The prayer of the bill is "for an accounting to fix and determine the assets and liabilities of the Midland Packing Company and the amount of its unpaid stock subscriptions, and that the court shall fix and determine the percentage of his unpaid stock subscriptions which each defendant stockholder shall pay, and the amount of the fair and equitable contribution of each defendant herein for the payment of the debts of said corporation, and that by said decree judgment shall be rendered and entered against each defendant for a sufficient amount of his unpaid stock subscriptions to in the aggregate pay the claim of this plaintiff against the Midland Packing Company, and those of all other creditors similarly situated, together with interest, and its costs and disbursements in this action, and that it may have decree for such other and further relief as shall seem just and equitable in the premises."

Motions to dismiss the bill upon various grounds were made by a number of the individual defendants. The court sustained the motions, upon the ground that the sole right to maintain suit for collection of un-

paid stock subscriptions rested in the receiver appointed by the court. We think the ruling was right.

[1] Conceding, but without deciding that there existed a liability on the stock subscriptions after the execution of promissory notes by the subscribers covering the amount of the unpaid purchase price, yet the liability of the subscribers for such unpaid subscriptions to the stock was an asset of the corporation under the laws of the state of Iowa. Security Savings Bank v. Sturtz, 196 Iowa, 1128, 196 N. W. 3. A general receiver, appointed by a court of equity for winding up the affairs of a corporation, is entitled to all the assets of the corporation. It is the duty of such receiver to make collection of the claims of the corporation against its debtors. He, and he alone, is the proper party to maintain suits for the collection of unpaid stock subscriptions. To allow a judgment creditor to maintain a suit for that purpose while the receivership is still in existence would result in unseemly and unwarranted interference with the administration of the assets by the court appointing the receiver.

[2] Plaintiff has proven his claim, and it has been allowed in the receivership in the federal court. He has also had his claim established in the state court, and has obtained judgment there. But plaintiff should not be permitted to satisfy either his claim allowed in the receivership or his judgment obtained in the state court by levying on assets of the company actually or potentially in the hands of the receiver. The mere fact that the right of plaintiff to proceed against the stockholders was given him by state statute is not of importance. The right of plaintiff or any other creditor to proceed against the corporation while it was a going concern, and after obtaining judgment to levy execution on the property of the company, is also given by statute. Yet such judgment creditors are not allowed to levy on corporate assets after the appointment of a general receiver for the winding up of the corporation. The weakness in the contention of plaintiff is that it fails to recognize the well-established rule that the appointment of a general receiver to wind up the affairs of an insolvent corporation always affects the ordinary procedural rights of the creditors of the corporation in the collection of their debts, whenever the pursuit of such procedural rights would interfere with the possession of the assets of the corporation by the receiver. That such interference would result from the maintenance of the present suit is too clear for argument.

[3] The overwhelming weight of authority is that, after the appointment of a general receiver for the purpose of winding up the affairs of a corporation, or after the appointment of a trustee in bankruptcy, such officer has the sole and exclusive right to maintain suits for the collection of unpaid stock subscriptions. 14a Corp. Jur. 987, 994; Cook on Corporations, § 208; Sawyer v. Hoag, 17 Wall. 610, 621, 21 L. Ed. 731; Scovill v. Thayer, 105 U. S. 143, 155, 156, 26 L. Ed. 968; In re Remington Automobile Co., 153 F. 345, 82 C. C. A. 421; Republic Iron & Steel Co. v. Carlton (C. C.) 189 F. 126, 131; Rosoff v. Gilbert Transp. Co. (D. C.) 221 F. 972, 979; Hartford-Connecticut Trust Co. v. Doherty (C. C. A.) 286 F. 926, 928; Merchants' National Bank v. Northwestern Mfg. Co., 48 Minn. 361, 57 N. W. 119; Rouse, etc., Co. v. Detroit, etc., Co., 111 Mich. 251, 69 N. W. 511, 38 L. R. A. 794; Big Creek Stone Co. v. Sewart, 144 Ind. 205, 42 N. E. 464, 43 N. E. 5. See Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; Klein v. Peter (C. C. A.) 284 F. 797, 29 A. L. R. 1497.

The case of Republic Life Ins. Co. v. Swigert, 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328, is cited both by appellant and by appellees. The doctrine of the foregoing cases was approved by the Illinois court in the case cited, but was not applied, because the right which the receiver sought to enforce was one which the company had lost the right to enforce, and which creditors only could enforce. Farnsworth v. Wood, 91 N. Y. 308, is cited by appellant. In that case the receiver sought to enforce a liability of stockholders, not for unpaid subscriptions, but a special liability in favor of a certain class of creditors only. It was held that the receiver was not the proper party to enforce the liability. The case of In re Associated Oil Co. (C. C. A.) 289 F. 693, also cited by appellant, was one under a South Dakota statute giving creditors the right to sue stockholders. The facts disclosed that the stock in question was issued as fully paid. Payment had been made in property instead of cash. It was held that the trustee in bankruptcy could not sue to collect any difference there might be between the value of the property given and the par value of the stock. Such a liability, if it existed, the court said, was not an asset of the corporation. The court expressly distinguished cases where there was a direct and unperformed promise to pay for stock.

In holding that the judgment creditor in the instant case cannot maintain the suit, and

that the receiver is the proper party to collect the assets of the insolvent corporation, including unpaid stock subscriptions, we do not wish to be understood as holding that the receiver, on the facts disclosed in the present record, could maintain such a suit as the one at bar. See Britton, Receiver, v. Andrews et al., 8 F.(2) 950, a decision filed by this court September 30, 1925.

Decree affirmed.