JOHN CONOVER, Appellee, v. A. P. HASSELMAN, Appellant.

*W. H. Keating* and *Thomas Bray*, for appellant.

*Irving C. Johnson* and *McCoy & McCoy*, for appellee.

ALBERT, J.—On February 2, 1920, the defendant, A. P. Hasselman, executed two promissory notes, payable to himself, and indorsed the same in blank, one for $650, and the other for  $1,500. These notes were given in part payment for stock in certain Des Moines corporations, the balance of the purchase price having been paid in cash. The note for $650 was given for stock in the Des Moines Union Stock Yards Company, and the $1,500 note for stock in the Associated Packing Company. These notes, after having been delivered to the agent of the company, were sold to the plaintiff, Conover, at a small discount.

This is the second appeal of this case, the opinion in the first appeal being found in 199 Iowa 661.

Defendant, in answer to plaintiff's petition, pleads want of consideration for the notes, and bottoms this plea on fraud, claiming that, in the inception of the notes, certain false and fraudulent representations were made to him, leading up to the signing of the notes; and further pleads that plaintiff was not an innocent holder for value.

Plaintiff introduced the notes in evidence, and rested. Defendant went forward with his testimony tending to support the allegations of his answer. At the close of the testimony, the

court directed a verdict in favor of plaintiff. If the case had gone to the jury, and it had found that plaintiff was an innocent purchaser for value before maturity, he would have recovered; but if it found that plaintiff was not an innocent purchaser, then the defense of want of consideration would have been available to the defendant. The question, therefore, is whether there is any evidence to take this question to the jury.

As a part of the evidence in the case, the original agreement is set out. It recites, *inter alia*:

"I, A. P. Hasselman, of Oskaloosa, state of Iowa, do hereby purchase from you thirty-five shares of stock and agree to pay you $125 per share," etc.

It will be noted that this is a purchase *in praesenti*, not an agreement to purchase in the future. This agreement makes no provision as to when the certificate of stock is to be issued.

It is shown by the record that these notes were cashed by the company shortly after they were received. Since Hasselman paid part cash for the stock and gave these notes for the balance of the purchase price, when the company cashed the notes the stock was then fully paid for; and although no certificates of stock were ever issued, Hasselman, from that time at least, was a full-fledged stockholder in this company. In the case of *Mechanics Sav. Bank v. Gish*, 200 Iowa 463, we had this identical question before us, and we there said:

"Appellant secured right to corporate stock by virtue of his subscription contract and the notes which he executed pursuant thereto, and thereby became a stockholder in the corporation, even though no certificates were issued to him. The issuance of certificates was immaterial, except as evidence of his ownership of shares in the company."

When one becomes a stockholder in a corporation, among other things they acquire a proprietary interest in the corporation. *Arnd v. Grell*, 200 Iowa 1272.

The fact, if it be a fact, that this stock subsequently became worthless in no way affects this question. It is apparent, under the above line of holdings, that Hasselman did in fact become a stockholder in this corporation, even though no stock was issued to him, and thereby acquired all the rights, privileges, and duties

of a stockholder in such corporation. This being true, there was not sufficient evidence in the case to take the question of want of consideration to the jury.

One other item of testimony is entitled to some consideration here. That is, that the stock books of each of these corporations showed Hasselman's name as a stockholder. There is also evidence to show that, while each of these corporations was in the hands of a receiver, each owned considerable property, and there was no showing whatever that there was any outstanding indebtedness against either corporation. With this situation, it would be fair to presume that, on the final windup of the corporation, there would be some proceeds to be divided among the stockholders, and Hasselman, of course, would be entitled to his share, whatever it might be.

Under our previous holdings, as applied to the facts in this case, there was no want of consideration for these notes. *Security Sav. Bank v. Sturtz*, 196 Iowa 1128; *Kuehl v. Parmenter*, 195 Iowa 497; *Exchange State Bank v. Buckley*, 198 Iowa 437; *Mechanics Sav. Bank v. Gish*, supra.

There is no pleading or claim of rescission in this case.

The general rule is that, where a contract of this kind is wholly executory on both sides, and suit is instituted thereon, a proper plea of false and fraudulent representations alone may  be a good defense; but that rule has no application to the facts at bar, because, under the record, as between Hasselman and the corporation, the contract was fully performed on Hasselman's part. It follows, therefore, that, the defendant not having introduced sufficient testimony to sustain his plea of want of consideration, the court was right in its direction of a verdict against Hasselman.—*Affirmed*.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, and KINDIG, JJ., concur.

WAGNER, J., not participating.