JEAN v. HENNESSY.

69 373
94 600

1. **Slander**: REPETITION: STATUTE OF LIMITATIONS: PLEADING. Every utterance of slanderous words is a distinct cause of action, and if recovery is sought for the repetition of a slander, the repetition must be declared upon as a separate cause of action. Consequently, where the petition charged the speaking of slanderous words more than two years prior to the beginning of the action, the action was barred by the statute of limitations, (Code, § 2529,) notwithstanding plaintiff further charged the repetition of the language on many occasions up to the time of the filing of the petition.

2. ———: REPETITIONS: PLEADING: EVIDENCE. Under a single count for slander, the plaintiff may show repetitions of the slander, not for the purpose of sustaining the action, but for the purpose of showing malice in the speaking of the words declared on, and thereby aggravating the damages; (see cases cited;) but evidence of such repetitions would probably be admissible without pleading.

3. **Libel**: PLEADING: DEMURRER: STATUTE OF LIMITATIONS. A petition alleging the writing of a libelous letter "on or about 1882," *held* bad on demurrer, on the ground of the statute of limitations, where the action was not begun until May, 1885.

*Appeal from Jackson District Court.*

WEDNESDAY, JUNE 23.

The petition in this cause contains three counts: one for slander, one for libel, and one for malicious prosecution. The defendant demurred to the petition. The demurrer was sustained, and plaintiff appeals.

*J. H. Flint*, for appellant.

*W. J. Knight* and *William Graham*, for appellee.

ROTHROCK, J.—I.   One ground of demurrer is that the causes of action set up in the petition are barred by the statute of limitations.   As we think that the appeal must be disposed of on this ground, the other points in the demurrer need not be considered; and, as counsel for plaintiff concedes that the demurrer was correctly sustained as to the cause of action for an alleged malicious prosecution, that part of the case requires no further consideration.

II.   It appears from the averments of the petition that the defendant is now, and has been for many years, Catholic

1. SLANDER: bishop of the diocese of Dubuque, and that, statute of limitations: repetition: pleading. prior to the year 1872, the plaintiff was a regularly ordained Catholic priest in said diocese; that while located and officiating as such priest at the city of Lyons, he was, in the year 1872, by the order of the defendant, suspended from exercising the functions of a priest.   It is averred that said suspension was without just or legal cause, and that the order was made by the defendant willfully and maliciously; and it is charged in the petition that in the month of October, 1880, the defendant said and spoke of and concerning the plaintiff that he, the plaintiff, "had not the right to say mass, or words to that effect; meaning that this plaintiff was not a Catholic priest; that by some misconduct or crime the plaintiff had lost the right to say mass or officiate as a Catholic priest."   It is averred that these words were false, scandalous, malicious and defamatory.   It is further stated in the petition that on many other occasions, from 1872 up to the filing of the petition, the defendant falsely and maliciously declared that the plaintiff had not the right to say mass or officiate as a Catholic priest, and that the defendant said to one Luchersmann that he (Luchersmann) "had committed a wrongful act in admitting the plaintiff into his company," and that some time in the year 1882 the defendant said to Hon. W. J. Knight that this plaintiff was "condemned."

An action for slander or libel is barred by the statute of

limitations in two years. Code, § 2529. It is conceded in argument that this action, so far as it is affected by the statute of limitations, was commenced on May 30, 1885. It is apparent that more than two years elapsed after the cause of action accrued, and before the suit was commenced. It is claimed, however, in behalf of the plaintiff, that, because it is stated in the petition that the alleged slanderous words were repeated at different times up to the time of the filing of the petition, the statute of limitations can have no application. But it is well settled that every utterance of slanderous words is a distinct cause of action; and, if recovery is sought for repeating a slander, the repetition must be declared upon as a separate cause of action. The mere general allegation of the repetition of the slander was but pleading evidence which probably would have been admissible without pleading; for under a single count for slander the plaintiff may show repetitions of the slander, not for the purpose of sustaining the action, but for the purpose of showing malice in the speaking of the words declared upon, and thereby aggravating the damages. *Campbell v. Butts*, 3 N. Y., 173; *Howard v. Sexton*, 4 Id., 157; *Bassell v. Elmore*, 48 Id., 561; Starkie, Sland., 398; *Gribble v. Pioneer Press Co.*, 34 Minn., 342; S. C., 25 N. W. Rep., 710.

2. ——: repetitions: pleading: evidence.

The defendant had the undoubted right to require the plaintiff to state when and to whom the alleged slanderous words were spoken, and a petition merely stating generally that the defendant spoke of and concerning plaintiff certain slanderous words, without stating time and place, or that the words complained of were spoken in the hearing of others, is not the statement of a cause of action. If there was any speaking of words not barred by the statute, it was incumbent on the plaintiff to set them out as his cause of action.

III. It is averred that the alleged libelous letter was written "on or about 1882." If it was written at any time

3. LIBEL: pleading: demurrer: statute of limitations. within that year, or at any time previous to, May 30, 1883, the action thereon was barred before the suit was commenced. This inexact method of pleading ought not to be tolerated in the face of a demurrer raising the question of the statute of limitations. If, after selecting the whole of the year 1882 as the time in which the libel was published, and to which the plaintiff would confine his proof, he should be allowed to introduce proof of a libel published after May 30, 1883, a demurrer on the ground that the action was barred by the statute of limitations would be of little avail. When met by this demurrer, the plaintiff should have promptly amended his petition, and obviated the defect therein. As it stood, it was vulnerable to the demurrer.

We think the demurrer was correctly sustained upon the ground above pointed out, and we reach this conclusion without determining whether the words alleged to have been spoken and written were actionable.

AFFIRMED.