THE FRED MILLER BREWING COMPANY, Appellant, v. HARRY O. HANSEN, JOHN WESTFIELD, and J. O'DONOVAN ROSSA.

**Judgment:** ASSIGNMENT. An assignee of a judgment acquires no greater rights as against the judgment debtor than his assignor has.

**Appeal:** TRIAL DE NOVO. The record as set out in the abstract contained a stipulation that affidavits filed on a motion to dissolve a temporary injunction should be taken as the testimony of affiants. Following it was a statement that the cause came on for trial on

the evidence, "as shown by this abstract, "which contained all the evidence offered, all of which evidence was certified by the judge and filed, and made a part of the record. Then followed what purported to be evidence, and after it a statement that the trial judge duly certified the same to be all the evidence offered at the trial. The abstract then recited that it contained all the evidence offered, but no affidavits, as such, or purporting to be testimony or depositions of affiants, appear in the abstract. *Held*, sufficient to present the case for trial *de novo*.

OBJECTION BELOW. The objection that no answer was filed to an amendment to a petition cannot be raised on appeal where the case was tried in the lower court as if such answer had been filed.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, JANUARY 18, 1898.

SUIT in equity to enjoin the collection of, and to set aside, a judgment. From a decree dismissing plaintiff's petition, it appeals.—*Reversed.*

*T. F. Griffin* for appellant.

*J. O'Donovan Rossa* for appellees.

DEEMER, C. J.—I.   This suit was brought to enjoin the defendant from collecting a certain judgment which had previously been rendered against appellant, in justice court, upon a counter-claim interposed by appellee Hansen to a suit brought by appellant, for the collection of a bill alleged to be due it on account for liquor sold and delivered. In the main suit, appellant sued out a writ of attachment, and garnished one Nead, who was then owing Hansen the sum of forty-seven dollars. Appellee filed a counter-claim, upon which he recovered judgment; and, by reason of some mistake or misunderstanding, appellant's counsel did not appear at the trial before the justice.   Appellant immediately took the necessary steps for taking an appeal from the judgment

off the justice of the peace; and it claims that, before perfecting it, it entered into an agreement with Hansen to the effect that it should release the garnishee, and permit him to pay the money to Hansen, and Hansen should, in turn, satisfy and release the judgment he had obtained upon his counter-claim, and thereupon appellant should dismiss his appeal. Appellant further contends that it complied with its part of the agreement, but that Hansen neglected to satisfy the judgment, and, disregarding his agreement, assigned the same to appellee Rossa, who was proceeding to enforce it when this action was commenced.

Appellees contend that we cannot consider the case upon its merits, for the reason that we do not have all the evidence offered in the court below. The abstract contains a certificate that we have all the evidence given, offered, or submitted upon the trial, and there is no denial, except in argument. Ordinarily, this would not be held sufficient. But counsel contends that the abstract shows affirmatively that the evidence is not all before us. The record contains the following: "Stipulation. It is agreed that the affidavits which have been filed in support of the motion to dissolve the temporary injunction, and those filed in resistance of the motion, may be taken and considered as the testimony of the witnesses and the depositions of the affiants, and the case now be heard, and finally, on the evidence now introduced and that contained in those affidavits." Following this is a statement that "this cause came on for hearing and trial upon the pleadings and evidence therein adduced and submitted, as shown by this abstract, which contains all the evidence offered, produced, or submitted, or offered to be given or submitted, by either plaintiff or defendants, upon the trial of said cause, all of which evidence was duly certified by the trial judge, John F. Oliver, on April 28, 1896, and

on March 1, 1896, was duly filed in the Woodbury district court, and made a part of the records thereof." Then follows what purports to be evidence, and after this is a statement that the trial judge duly certified the same to be all the evidence offered, given, or introduced upon the trial. And the abstract then recites that it contains all the evidence given, offered, or submitted upon the trial. Surely, this is sufficient to present the case for trial *de novo*. It may be the affidavits were not offered upon trial; or, if they were offered, the stipulation says that they should be treated as the testimony and depositions of the affiants. The abstract contains the testimony of various witnesses, and we must presume, in the absence of a showing to the contrary, that it includes the contents of the affidavits referred to in the stipulation.

II.   Appellant filed an amendment to its petition, pleading an estoppel by reason of some statements of appellees' attorneys, and setting forth at more length the terms of the alleged agreement of settlement. No answer seems to have been filed to this amendment. The case was tried in the lower court as if an answer had been filed, and will be so regarded here. Appellant cannot raise the question of failure to answer for the first time, in this court.

III.   The trial court denied the relief asked, on the theory that appellant had failed to establish the agreement relied upon. In this we think there was error. The decided preponderance of the evidence is in favor of appellant's claim. Hansen received the money by virtue of the agreement, and should have satisfied the judgment, instead of assigning it to Rossa. The conceded facts tend strongly to confirm appellant's contention, and it produced at least three witnesses to testify to the making of the agreement. As against this we have nothing but the denial of Hansen. Rossa gained no greater rights by reason of the assignment than his assignor, Hansen, had at the time of the

assignment. *Burtis v. Cook*, 16 Iowa, 194; *Balinger v. Tarbell*, 16 Iowa, 491. The judgment of the district court is reversed, and the cause is remanded for a decree in harmony with this opinion.—Reversed.