JOHN ZURAWSKI, Appellee, v. A. REICHMANN, Appellant.

**Damages for Slander:** PROOF OF ACTUAL MALICE: *Assault.* Evidence of an assault by defendant on plaintiff half an hour after the uttering of a slanderous statement is admissible in an action for slander, as showing actual malice.

EVIDENCE: *Hearing of unrepeated slander.* Where there is no evidence in a slander suit tending to show a repetition of the slanderous charge by defendant, it is error to permit persons not present when the charge was made to testify that they had heard of the charge, as it can only affect the question of damages, and would tend to mulct defendant for the wrong of another.

*Mitigation.* Evidence that slanderous words were spoken in the heat of passion and under great provocation may be considered in mitigation in a slander suit though the hearers had no knowledge of such fact.

*Appeal from Plymouth District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, APRIL 12, 1902.

ACTION to recover damages for slander. Trial to jury, and verdict and judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*McDuffie & Keenan* and *F. M. Roseberry* for appellant.

*J. U. Sammis* for appellee.

SHERWIN, J.—Within a very short time after the slanderous words were spoken, probably not more than a half hour, but in another place, the defendant assaulted the plaintiff. There was no error in addmitting this in evidence to show actual malice at the time the words were spoken. There can be no question that the previous ill feeling of the defendant towards the plaintiff may be shown to prove actual malice, and any act

clearly indicating ill will towards the plaintiff, which was committed so soon after the publication as to show that the feeling may have existed at the time, is competent on this question. The mere fact that the act may be satisfactorily explained can make no difference with the competency of the evidence. Odgers, Libel & Slander, 271; Newell, Defamation, Slander and Libel, 337; 2 Greenleaf, Evidence 379. Immediately after the words were uttered, the defendant left the presence of the plaintiff, and when he again entered his presence, and without any further altercation, he made the assault.

The court received evidence that persons other than those in whose presence the words were spoken had heard of them and of the charge made; and this without any evidence tending to show a repetition of the language by the defendant, or the circumstances under which it was repeated. This was prejudicial error under the holding in *Prime v. Eastwood,* 45 Iowa, 643. The only purpose of this evidence was to increase the plaintiff's damages, and, if held competent, would mulct the defendant for the wrong of another. Odgers, Libel & Slander, 151.

The defendant pleaded that the words were spoken in the heat of passion and under great provocation. In the sixth paragraph of its charge the court told the jury that it might consider the evidence on this subject in mitigation of damages if it found that the hearers understood that the words were so uttered. This was clearly wrong, for, if the jury found the words to have been spoken in the heat of passion and upon great provocation, it can make no difference whether the hearers so understood the matter or not. The circumstances under which they were spoken were to be considered on this question, and not the knowledge of those circumstances by others. The fifth paragraph of the charge is as favorable to the defendant as he can ask, and we see no

error in it. We think the evidence sufficient to sustain a verdict against the defendant, and, as there is to be a retrial of the case, we do not discuss the question of excessive damages.

For the errors pointed out, the judgment is REVERSED.