JULIUS H. KRUSE, PLAINTIFF IN ERROR, v. RUDOLPH F. RABE, DEFENDANT IN ERROR.

Argued June 22, 1910—Decided March 6, 1911.

Advice by an attorney to a client as to the business integrity of a third person with whom such client has been dealing, is privileged. · But when such advice is given in a public or semi-public place in a loud voice and in hearing of divers persons, and is addressed not to the client but to the third person, is slanderous, and without need of either publicity or loud utterance, express malice is a jury question.

On error.

. For the plaintiff in error, *Samuel A. Besson.* .

For the defendant in error, *Carrick & · Wortendyke.*

The opinion of the court was delivered by

PARKER, J.   This was a suit for slander. At the trial there was a verdict directed for the defendant, and this writ of error is based upon an exception to that ·direction.   The evidence was sufficient to justify the jury in finding that the plaintiff was a real estate broker doing business in Hoboken, and was employed under a written contract by a Mrs. Vette to negotiate the sale of certain real estate belonging to her, in which contract she agreed to pay him for his services a commission of three per cent.; that the plaintiff succeeded in making a sale, and at the time the transaction was to be closed, the plaintiff and Mrs. Vette, accompanied by defendant, as her attorney, attended at the office of the attorney for the purchaser, where the title was closed and Mrs. Vette was paid by a check, and she and the plaintiff and defendant went to a neighboring bank, of which defendant was the president, to cash the check and pay plaintiff his commission; that plaintiff had procured from Mrs. Vette a sort of certificate that he had negotiated the sale and had earned his commission, and stating its amount, and that he handed this when in the bank to

Mrs. Vette, who handed it to defendant, who "went inside" (probably inside the partition) for the cash to pay plaintiff, and either on coming out or before going in, looked at the paper, noticed that the amount was three per cent., and addressing plaintiff, said in a loud tone of voice and in the presence of the bank clerks close by and of several persons transacting business in the bank, "I never heard of any such outrageous commission. I know a hundred real estate people in this county and none of them charge over two and one-half per cent." That plaintiff said, "Mr. Rabe, will you allow me to explain?" and he said, "No, it is simply this, you have taken advantage of this woman." There was no allegation of special damage in the declaration. Besides a plea of general issue, there were pleas of justification and privilege.

The motion for a direction of a verdict for defendant was based upon the grounds—*first,* that the words were not slanderous *per se; secondly,* that this was a case of a lawyer attempting to protect his client, and that whatever he said was in the course of a conversation addressed to the client in which the plaintiff took part; and *third,* that if the words were slanderous, they were justified. The court directed a verdict for defendant without stating what grounds such direction was based on.

We think this action of the trial court was erroneous.

The defendant maintains, first, that the language used was not slanderous *per se,* and that no special damage was proved. If it was slanderous *per se,* proof of special damage was, of course, unnecessary, and we have no hesitation in saying that we think it was slanderous *per se;* the defendant being a real estate broker, his success in business depended in large measure upon a reputation for dealing fairly with his customers, and for not availing himself of their ignorance as a means of charging excessive and exorbitant commissions for his services. The language implied, if it did not plainly express, that there was a standard rate of commission for such services, and that plaintiff, knowing that rate, but having ascertained that Mrs. Vette did not know it, had taken an unfair advantage of her by reason of her ignorance. This is, without

question, such an imputation upon the plaintiff's integrity in his business relations as to be slanderous *per se*. *Freisinger* v. *Moore*, 36 *Vroom* 286; *Odgers, Lib. & S.* 65; 25 *Cyc.* 326 *et seq.*

Defendant's next point is that the language in question is true and therefore justified, but the testimony on this point was not so conclusive as to justify the judge in finding as court questions—first, that two and one-half per cent. was the standard rate and never exceeded; and secondly, that plaintiff had taken advantage of his client by inducing her to contract for a higher rate.

Thirdly, it is claimed for the defendant that the occasion was privileged.

There can be no doubt that if Mrs. Vette had asked Mr. Rabe, as her attorney, in his office, what he thought of the amount of plaintiff's charge, and he had expressed himself to her in response to that inquiry, to the same effect as he expressed himself to plaintiff, with an honest belief in the truth of what he was saying, his language would then have been privileged. *King* v. *Patterson*, 20 *Vroom* 417, 438; *Fahr* v. *Hayes*, 21 *Id.* 275, 278. But this is not what happened. The evidence seems to be somewhat in conflict as to whether Mrs. Vette made any inquiry of Mr. Rabe about the rate or amount of the commission; but assuming that she did, and that Rabe believed what he was saying, the question still remains whether in view of the circumstances under which, and the manner in which plaintiff claims he said it, the jury would not have been entitled to find the presence of express malice. Defendant's counsel point to *Fahr* v. *Hayes, supra,* as authority to the contrary; and that decision, though in the Supreme Court and not binding on us, is entitled to great weight. It goes very far in the protection of such communications as privileged and in the negation of express malice, but is not dispositive of this case. In Fahr *v.* Hayes the plaintiff was asking for credit and gave Hayes as a reference, this, in the opinion of the Supreme Court, justifying a confrontation of plaintiff by defendant for the purpose of convincing the prospective creditor of the danger of trusting the plaintiff. In the case at

bar, the plaintiff did not refer Mrs. Vette to Rabe, and had no part in her consulting him. It is true that she was entitled to consult him and he was entitled to advise her with entire freedom so long as he did so honestly. But it cannot be said that a lawyer may shout to his client in a public place, advice that a party with whom the client has been dealing has taken advantage of him, and claim immunity under the plea of privilege. The rule is thus stated in *Odgers, Lib. & S.* 245:

"If the words be spoken in the presence of strangers wholly uninterested in the matter, the communication loses all privilege. The defendant in these cases must be careful that his words reach only those who are concerned to hear them. Words of admonition or confidential advice should be given privately, not shouted across the street, or written on postcards, or published in the newspapers. [Citing cases.] It is true that the accidental presence of some third person will not alone take the case out of the privilege, if it was unavoidable or happened in the usual course of business affairs. But if the defendant purposely contrives that a stranger should be present, and who, in natural course of things, would not be present, all privilege is lost. [Cases.] And whenever a defendant deliberately adopts a method of communication which gives unnecessary publicity to statements defamatory of plaintiff, the jury will be apt to infer malice."

It is this last particular in which the case at bar is distinguishable from Fahr *v.* Hayes. The publicity of the words in that case was fairly attributable to the plaintiff's own act, and was considered by the court to be justified in consequence, and that malice was not inferable therefrom. In the case at bar, as already noted, the defendant, if plaintiff's evidence is believed, took occasion to impugn his business integrity by addressing him and not defendant's client, in a semi-public place, in a loud voice, and without any invitation on his part. We think this brings the case within the last clause of the text just quoted, and that the question of express malice should have been left to the jury. The judgment is accordingly reversed to the end that a *venire de novo* issue.

*For affirmance*—MINTURN, BOGERT, JJ.   2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRI-SON, SWAYZE, TRENCHARD, PARKER, BERGEN, VREDENBURGH, JJ.   8.