J. J. FERGUSON, Administrator, Appellant, v. JOHN PILLING, Appellee.

No. 45672.

JANUARY 13, 1942.

J. J. Ferguson, pro se.

Dickason & Stowe, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action at law for the collection of a rent note in the amount of $220, due April 1, 1939. This note was given in connection with the lease of certain farm lands, and in the suit brought plaintiff asked and obtained a landlord's attachment. On motion of the plaintiff the action was transferred to equity. The defendant entered a general denial and specifically counterclaimed for offsets and credits asserted under arrangements made with his lessor, one A. C. Hilliard, agent. The court found for the plaintiff in the amount of $84.35, having credited defendant with a portion of the offsets and counterclaims plead and the further allowance of $29.60 which plaintiff admits should be given to defendant.

This case must of necessity be decided in part upon the facts presented and consequently a brief recital of the evidence is herein set out.

This action was brought by the administrator of the estate of May Belle Wheeler, as assignee of the rent note originally given by the defendant to A. C. Hilliard, agent. May Belle Wheeler, during her lifetime, was the owner of an undivided one-half interest in the land which was the subject of a lease and one Emma Opsal was the owner of the other undivided one-half interest in this land. Both of these parties resided in the state of California. During the last few years of the life of May Belle Wheeler the land had been rented through A. C. Hilliard, as agent. The land was originally leased to the defendant by Hilliard, as agent, for the period ending March 1, 1939; said lease being dated March 11, 1938. On December 17, 1938, there was endorsed on said lease, "by mutual consent and understanding this lease is extended from March 1, 1939 to March 1, 1940," and this endorsement was signed by "A. C. Hilliard" and "John Pilling." On this same date, to wit, December 17, 1938, Pilling executed his promissory note to "A. C. Hilliard, agent" for the sum of $220 due April 1, 1939, and covering the cash rent due for the rental period ending March 1, 1940. This is the note on which plaintiff brings his suit.

May Belle Wheeler died on March 16, 1939, and left surviving her, three adult children and on November 10, 1939, J. J. Ferguson was appointed and qualified as administrator of her estate.

On November 1, 1939, there was served on John Pilling, the defendant in this action, and his wife, a notice of the termination of their lease on March 1, 1940, as provided by sections 10160 and 10161 of the 1939 Code. There was also a partition action brought for the sale of the land covered by the lease heretofore mentioned and in that case there were proceedings for the obtaining possession of the land in question from the tenant, John Pilling. In that particular action a writ of possession was issued as directed by the court but the defendant, John Pilling, moved from the premises on or before March 1, 1940.

On March 29, 1940, the plaintiff, administrator of the estate of May Belle Wheeler, commenced this suit for collection of the rent note. This note bore the following endorsement: "The within note is hereby assigned to J. J. Ferguson, administrator of May Belle Wheeler estate. A. C. Hilliard, Agent." Upon the trial of this action the court entered a decree to the effect that the plaintiff's recovery should be in the amount of $84.35 thereby allowing the defendant a recovery on a portion of his counterclaim for work alleged to have been done during the rental year of 1939-40 under the direction and authority of Hilliard as agent. The record discloses that any authorization given by Hilliard to do any work for which credit is asked was given after the death of May Belle Wheeler. The plaintiff has appealed from the holding of the court claiming that there is an entire absence of authority on the part of Hilliard to make or enter into any contract or give any directions in reference to the land in question from any of the owners or by any representative of the estate of May Belle Wheeler in connection with the allowance of any credits.

The record in this case is not long, the only witnesses being the defendant, John Pilling, and his wife. There was also introduced in evidence on behalf of the plaintiff certain records relative to the estate of May Belle Wheeler. A. C. Hilliard who had acted as the agent for May Belle Wheeler and Emma Opsal

during the life of Mrs. Wheeler had moved from the state of Iowa and there was no testimony presented other than through the statements of the defendant and his wife as to the nature of Hilliard's acts and dealings.

It is a recognized rule of agency that the death of a principal terminates the authority of the agent. Restatement of the Law of Agency, 308, section 120. It is also true that the death of one of two or more joint principals terminates the authority of an agent. In the Restatement of the Law of Agency, 315, section 123, it is stated:

"The death or loss of capacity of one of two or more joint principals terminates the authority of an agent to act on their joint account."

In the text comment following the above statement it is noted: "An agent who is employed to act for two or more principals, one of whom dies or loses capacity, is not authorized to act for the estate of such person. If, therefore, he is authorized to act only on the joint account of all the principals, his authority terminates." The record is entirely silent as to any authority whatsoever as to the extent of the agency of A. C. Hilliard. There is no evidence of any nature which would in any way authorize or empower Hilliard as agent to make arrangements with the tenant for any credits for work claimed to have been done on the farm after the death of May Belle Wheeler. It is not within the province of this court in a case of this character to give consideration as to what the equities should be. It is rather our duty to examine the record and to reach our conclusions solely upon the facts as there disclosed, aided by the law as we find it to be.

The burden of proving the agency is upon the appellee and we find nothing in the record that would justify our holding that this burden of proof has been met by him. It is true, as noted in the comments at page 316 of the Restatement of the Law of Agency that, "An agent who has been authorized by two principals, one of whom dies, continues to be authorized to act for the survivor if the authorization of the survivor so indicates." But the record is devoid of any evidence which shows

any authorization on behalf of the joint owner in this case who is still living.

The case of Whitney v. Krasne, 209 Iowa 236, 225 N. W. 245, is one where the agency relationship was recognized by all interested parties after the death of the principal. We do not have such a situation in the present case.

We are constrained to hold that the court was in error in allowing the credits to the defendant appellee for the work alleged to have been done under the authorization of Hilliard as a claimed agent. We therefore hold that this case should be reversed and remanded for the entering of a decree in conformity with the holding herein announced.—Reversed and remanded.

BLISS, C. J., and HALE, MILLER, GARFIELD, and SAGER, JJ., concur.