S. H. Klassie, Appellee, v. Merle E. Holt, Appellant.

No. 46168.

July 27, 1943.

D. M. Kelleher, of Fort Dodge, for appellant.

Garfield & Baker, of Humboldt, for appellee.

MANTZ, J.—Plaintiff brought suit in equity against defendant on a note and contract given in the sale of a Chevrolet pickup truck to defendant on April 13, 1940. The note had one installment overdue and plaintiff sued on the whole note and asked judgment for the sum of $322.31 with interest from January 30, 1941, and for a foreclosure of the sales contract.

·Defendant by answer admitted the making of the note and contract sued upon but denied that the note was due by acceleration. By cross-petition defendant alleged that on September 28, 1937, plaintiff was the owner of an implement business in Bode, Iowa, which operated under the name of Larson Implement Company, with one E. L. Larson in charge and acting with and in behalf of plaintiff, and on that date a contract was there entered into whereby one Pete Dulack purchased for future delivery a new Allis-Chalmers tractor for the gross price of $826. In said transaction there was a trade-in of a used John Deere tractor, a cultivator, planter, a payment of $126 in money, and the balance of $300 was to be paid by a note of Dulack when the tractor was delivered. Cross-petitioner alleges that said Allis-Chalmers tractor was not delivered at the time agreed upon; that about March 1, 1938, Dulack assigned to cross-petitioner the tractor contract; that before and after said assignment demand had been made upon plaintiff to deliver the tractor but said demand had been refused and Dulack had been damaged thereby in the amount of $526, and nothing had been paid thereon except a credit of $150 extended to cross-petitioner in a transaction with

plaintiff and that the $150 was to be applied on said amount; that after allowing said credit and the claim of plaintiff there was due and owing cross-petitioner a sum of $137.61 in excess of the amount of the claim of plaintiff.

In reply plaintiff alleged that E. L. Larson was in business for himself in Bode, Iowa, on September 28, 1937, under the name of Larson Implement Company; that he had on hand at various times some of plaintiff's goods on consignment and he took and submitted orders to plaintiff for approval but denied taking any part therein; that as to whether or not Larson made out the sale agreement with Dulack he had neither information nor belief and denied the same; denied that same was made under his direction or consent or that he in any manner accepted the same. He further alleged that any such deal was between Larson and Dulack and that he had nothing to do therewith.

Plaintiff admits that he did not deliver the tractor to Dulack; denies that he ever so promised or that he was under obligation to do so. Plaintiff admits that subsequent to the execution of the note in suit cross-petitioner made some claim under the assignment, but this was after there was a delinquent installment. Plaintiff denies that defendant ever received the $150 referred to in the cross-petition, and further alleges that all claims between defendant and Larson growing out of the tractor sale had been settled. Plaintiff further pleads that about April 13, 1940, Larson paid for defendant on the original price of the pickup truck the sum of $150 and on the same date gave defendant a note for $165, and that said note and cash were a full settlement of all claims of the defendant for the things claimed by him in his cross-petition, and that thereby he had waived any and all claims against the plaintiff. Plaintiff further alleges that in executing the note sued upon the defendant waived all claims against plaintiff for the matters set out in his cross-petition.

Defendant, answering said reply and amendments, alleges that the $165 note was not delivered or accepted as a final settlement and denies any waiver of his claim against plaintiff; but alleges that such note was signed and retained upon condition that subsequently maturing payments for the pickup would be paid by others than Holt, and that the $165 note was only conditional and a memorandum of contract and sale.

Defendant pleads that there was then due from Klassie $526 with a credit of $150, leaving $376, plus interest; that there was no consideration for settlement of said obligation of $165; and further states that, as Klassie was not a party to said $165 note, he cannot plead it as a settlement; and further alleges that Klassie was liable for $526, and interest, and that there was no accord and satisfaction as to any part thereof except the sum of $150.

The court dismissed the cross-petition or counterclaim and entered judgment in favor of plaintiff against Holt and ordered a foreclosure on the conditional sales contract. The cross-petitioner appeals.

The appellant admits that on April 13, 1940, he purchased of appellee a pickup truck and in settlement therefor gave to appellee the note and sales contract sued upon. In effect, he concedes that appellee is entitled to recover except for the matters set forth in his cross-petition. This claim arises out of an order for a new Allis-Chalmers tractor given by Pete Dulack to the Larson Implement Company of Bode, Iowa, on September 28, 1937. The tractor ordered was never delivered. In March or April 1938, Dulack assigned to appellant his claim for the failure to deliver the tractor ordered. This was about two years prior to the time the pickup truck was sold by appellee to appellant. Larson had failed in business sometime before the note sued upon was given.

In taking the assignment appellant stands in place of Dulack and his rights are no higher than those of his assignor. Fred Miller Brewing Co. v. Hansen, 104 Iowa 307, 73 N. W. 827; Arnd v. Grell, 200 Iowa 1272, 206 N. W. 613. When Dulack signed the order for the tractor on September 28, 1937, he made the deal with E. L. Larson of the Larson Implement Company of Bode. The order for a new tractor was at the agreed gross price of $826. He paid $126 in money and traded in used implements at the agreed value of $400, and was to give a note for $300 when the tractor was delivered. Appellee lived at Renwick, Iowa, where he was engaged in the implement business. Dulack did not deal with appellee, having all his negotiations with Larson. It is the claim of appellant that appellee and Larson were acting together in the deal and that Larson was the agent of

appellee, with express authority to make deals like the one made with Dulack. In short, appellant claims that in the particular deal with Dulack, Larson was the agent of appellee.

Dulack never met appellee until the trial. When he decided to buy a new tractor he went to Bode to see Larson. Appellee had the agency for the Allis-Chalmers tractors handled by Larson at Bode. When Larson had a purchaser for an Allis-Chalmers tractor he would order it through appellee and the latter would furnish it to him. At times Larson had with his stock of implements some belonging to appellee and some belonging to others. Larson carried samples or models of the Allis-Chalmers tractors. Dulack testified that when he went to Larson to order the new tractor Larson said: "I will have to see Klassie. You be in Bode tomorrow morning." He further testified that he went to Bode the next day and Larson said: "The deal is all right. He said it is OK." Objection was lodged against this testimony as not binding and an attempt to establish agency by the declarations of the claimed agent. We think the objection good.

■ Appellant claimed that Larson was the agent of appellee. It is elementary that an agency may not be shown by the declarations of a claimed agent. Anderson v. Patten, 157 Iowa 23, 137 N. W. 1050; Engelke v. Drager, 213 Iowa 598, 239 N. W. 569; Iowa Loan & Trust Co. v. Seaman, 203 Iowa 310, 210 N. W. 937, 212 N. W. 487; Boylan v. Workman, 206 Iowa 469, 220 N. W. 49.

Assuming that the objected testimony was competent, still it would not establish the relationship of principal and agent claimed by appellant. The record shows without dispute that all of the new Allis-Chalmers tractors kept by the Larson Implement Company at Bode belonged to appellee. The statement of Dulack that Larson told him that he would have to see appellee and that appellee said it was "O.K." could readily have referred to the ability or willingness of appellee to fill the order. The evidence shows without dispute that all of such orders had to be approved by appellee. That appellee furnished the new tractors for Larson is abundantly shown by the record. Dulack knew that Larson was getting the tractor through appellee and that it was to be shipped from the factory. Appellant so pleads in his cross-petition. Appellee first learned of the order sometime in 1940

and after Larson had failed in business and was unable to deliver the tractor.

The record fails to show that Larson had express authority to speak for or bind appellee in tractor sales. Appellant makes no claim that Dulack was in any way misled by anything that appellee did in the deal; he makes no plea of estoppel, nor is there any evidence to support it; and there is no plea or evidence that appellee ratified the order to Dulack or made any approval thereof. There was some evidence offered by appellant that at about the time he bought the pickup truck he talked to appellee about the tractor deal and inquired if appellee would allow him credit on the pickup. Appellee would not do so and told appellant that he would have to settle with Larson. The evidence shows that appellee took this attitude at all times. The evidence shows that appellee told Dulack he would have to look to Larson for the tractor settlement. The appellant pleaded that Larson had express authority to act for appellee. However, in argument he makes the claim that Larson was acting as an apparent agent with implied authority to speak for appellee.

There is little in the record to show express authority on the part of Larson to represent appellee. Larson was not a witness. We quote from the testimony of Dulack. Of the deal of September 28, 1937, he said:

"I never talked to Mr. Klassie, nor seen him before today. I was at his place of business at Renwick, but not on that purpose. It was long before that. I never asked Mr. Klassie for any tractor, and didn't pay Klassie any money, nor turned the tractor or machinery over to Klassie that I know of. I did ask Earl Larson in the spring sometime. * * * I didn't really ask for my new tractor. I was going to get it the first of March. That is what I wanted to do. He [Larson] said I could take it out any time I wanted to. I told him I would just as soon leave it in there * * * I didn't go down and ask him anything. I got to talking to Merle Holt about this trade around the 1st of March. I think the trade with Merle was made around the 1st of April before the spring work began."

Certainly this shows that Dulack dealt with Larson in giving the tractor order.

The evidence taken together indicates that Dulack was dealing with Larson. His conduct subsequent to that time so indicates. We think, too, that the evidence shows that appellant felt that the deal was with Larson until after his deal for the pickup, following the time when Larson failed in business and was unable to fill the tractor order. On the same day appellant bought the pickup truck he had some kind of a deal with Larson in which the tractor order was involved. Larson was to pay $150 on the pickup price, and following that deal, and on the same day, Larson gave appellant his note for $165. Concerning this $165 note, Holt said:

"It was to settle my claim if he [Larson] paid it."

He further testified that when he got the pickup from appellee:

"Larson agreed to make the payments on the pickup in December, which he failed to do."

While there is some confusion in the record, yet we believe it shows that the first time appellant spoke to appellee about the tractor deal was in 1940 and about the time he bought the pickup truck and gave his note in settlement therefor. Appellant further states that, in addition to the $165 note, Larson paid $150 which was applied on the note given by appellant to appellee. Appellant testifies that when he made the pickup deal with appellee he did not have the $165 note of Larson's but got it later the same day. Appellee testified without contradiction that appellant told him of having a note against Larson, and that they had agreed on the balance that he owed him and that he had not been able to realize any money on it. Appellant wanted appellee to take the note as a payment on the pickup but appellee refused. We believe that the evidence warrants a finding that appellant made a settlement with Larson over the tractor claim. The record shows that appellant turned the $165 note over to his attorney. In dealing with appellee he asked for credit for this note.

In making a settlement with Larson appellant acted contrary to the claim he made in his cross-petition; that settlement

was inconsistent with what he claims in this case. Appellant does say, however, that the settlement with Larson was final in case Larson made good on the note. Assuming that appellant had a valid claim against appellee on the tractor contract, we think that in making a settlement with Larson, appellant waived his claim against appellee. 3 C. J. S., Agency, 175, 177, section 248; Paige v. Stone, 10 Metc. (Mass.) 160, 43 Am. Dec. 420.

Appellant argues that the order blank signed by Dulack on September 28th shows on its face that he was dealing with appellee. It was made out on a form supplied by appellee and bore the following heading:

"S. H. Klassie, Prop.
General Garage and Implements
Phone 72 CHEVROLET Renwick, Iowa."

Appellee says that he furnished the blanks for Larson upon the latter's request and was paid therefor. He further states that at that time Larson had used all that he had on hand. The evidence shows that at other times Larson had blanks for orders with his name thereon and the name "Larson Implement Company" printed thereon. Dulack makes no claim that he relied upon the printing on the order, or that he was misled thereby. We can see no merit to this claim.

Other matters have been argued by the parties and many authorities have been cited in support thereof. We think this case turns largely upon questions of fact and think the issues and matters above discussed are decisive of the case. The lower court, after hearing the evidence, found that the appellant had failed to establish the claims set forth in his cross-petition. We have gone over the entire record and are of the opinion that there was ample evidence to sustain that holding. We concur in that finding and the case is affirmed.—Affirmed.

MULRONEY, C. J., and HALE, MILLER, OLIVER, SMITH, WENNERSTRUM, and BLISS, JJ., concur.

GARFIELD, J., takes no part.