GRACIE LEE ROBINSON, appellant, v. HOME FIRE & MARINE INSURANCE COMPANY, appellee.

No. 48284.

(Reported in 59 N.W.2d 776)

1086

JULY 17, 1953.

W. Lawrence Oliver, of Des Moines, for appellant.

Herrick & Langdon, of Des Moines, for appellee.

GARFIELD, J.—This is a law action for damages for two separate defamatory statements. Both alleged statements followed a fire in October 1949 which damaged plaintiff's home, insured by defendant-company. Defendant claimed plaintiff set the house on fire. Plaintiff's husband died from burns received in the fire. Plaintiff sued defendant on the insurance policies and recovered the full amount of insurance notwithstanding the defense she set the fire. Clifton Davis had lived in plaintiff's home until about a year before the fire.

Division III of plaintiff's amended petition alleges this slanderous statement was made in the presence of Clifton Davis and others unknown to plaintiff by the deputy fire marshal of the state of Arkansas, then acting as an agent of defendant-company: "You know Gracie Lee Robinson set the fire that

burned up her husband and burned the house. Why don't you tell us about it? We have the goods on her and we know you know it, so you might as well tell us how she set the fire."

Division IV of plaintiff's amended petition alleges that about March 20, 1950, an attorney for defendant, when interviewing Clifton Davis as a prospective witness in the action then pending on the insurance policies, said before Davis and others unknown to plaintiff: "Clifton, you are still going to testify Gracie Lee Robinson set the fire that damaged the house and burned up her husband aren't you? You know Gracie Lee Robinson did set the fire and burned up her husband and I am sure you want to tell the jury about it."

Davis, principal witness for plaintiff upon the trial, testified the deputy fire marshal and the attorney each made about the same statement the petition alleges. The testimony as to what the deputy said was excluded on the ground there was no competent evidence he was defendant's agent. This ruling presents the first matter for our consideration. A verdict was directed against plaintiff on Division III of her petition on the same ground and another ground we need not consider.

A verdict was directed against plaintiff on Division IV of her petition principally on the ground the alleged statement by defendant's attorney to a prospective witness in the action on the insurance policies was at least qualifiedly privileged and such privilege was not exceeded since the statement was not made to persons other than Davis and there was no evidence of malice.

The pleadings in this case were before us upon a prior appeal (242 Iowa 1120, 49 N.W.2d 521) where we held Division IV of the amended petition stated a cause of action in view of the allegations of express malice and publication of the alleged statement in the presence of others than Davis. Division III of the amended petition with which (together with Division IV) we are now concerned was not involved in the prior appeal. Division V is not now before us since we affirmed its dismissal upon the prior appeal.

 I. The only evidence the deputy fire marshal of Arkansas was an agent of defendant, as Division III alleges, is

Davis's testimony that when the officer came to see him in an Arkansas town he said he represented the Home Fire & Marine Insurance Company. The trial court correctly ruled this was not competent proof of the alleged agency. It is elementary that in the absence of other evidence of agency the extrajudicial statements of an alleged agent to a third person are not admissible, over objection, against the alleged principal to prove agency. See 3 C. J. S., Agency, section 322c(1), page 276; 2 Am. Jur., Agency, section 445; Friedman v. City of Forest City, 239 Iowa 112, 126, 30 N.W.2d 752, 759; Folsom v. Grove, 233 Iowa 1140, 1143, 11 N.W.2d 368, 369; Klassie v. Holt, 233 Iowa 826, 830, 10 N.W.2d 540, 542, and citations. See also Schroeder v. Cedar Rapids Lodge No. 304, 242 Iowa 1297, 1301, 49 N.W.2d 880, 882.

██ Of course plaintiff had the burden to prove her allegation the deputy fire marshal was acting as defendant's agent. Dugan v. Midwest Cap Co., 213 Iowa 751, 756, 239 N.W. 697; Ferguson v. Pilling, 231 Iowa 530, 533, 1 N.W.2d 662, 664; 3 C. J. S., Agency, section 315b; 2 Am. Jur., Agency, section 442. Since there was no competent evidence the deputy fire marshal was authorized to act for defendant the verdict for defendant on Division III was properly directed on such ground.

II. Error is assigned in the court's refusal to permit plaintiff to amend Division IV of her petition to conform to the proof during the trial by alleging defendant's attorney said out of court in the presence of Clifton Davis and others unknown to plaintiff, while the case over the insurance was on trial: "Clifton why didn't you come up to the Bankers Trust Building as I told you? You could have put your hands on $150 by agreeing to testify that Gracie Lee Robinson set the fire that damaged the house and burned up her husband."

Before the above amendment was tendered, plaintiff offered to prove by the witness Davis that Mr. Bannister and Mr. Ahlers, defendant's attorneys in the action on the insurance policies, came to see him in March 1950 when he was at work at the Firestone plant in Des Moines, a foreman called the witness outside the plant where Mr. Ahlers "made some statements about this fire, if I knew how it was set, and I said 'No', but he said

he knowed Grace Lee Robinson set the fire that burned up her husband and her house. He said we have the goods on her because they had got the statement from down in Arkansas that I had stated." Also that Ahlers told him to come to the tenth floor of the Bankers Trust Building but Davis did not go. Objections to this offer of proof on the ground the statement was privileged were overruled and the witness testified in the jury's presence in accordance with the offer.

Plaintiff also offered to prove by Davis that after he was subpoenaed to attend the trial of the insurance action he saw Mr. Ahlers in a hall of the courthouse before court convened and the attorney made substantially the statement contained in the amendment later tendered to Division IV of the petition. This offered testimony was objected to on the ground the claimed statement was privileged and also was outside the pleaded issues. Plaintiff then tendered the amendment to Division IV. The amendment was not allowed on the ground it came too late. While we find no definite ruling on the objection to this offer of testimony, the offer was not received.

Rule 88, Rules of Civil Procedure, provides in part, "The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense." This rule has been given substantially the same interpretation previously accorded the statutory provision it supersedes. Terpstra v. Schinkel, 235 Iowa 547, 552, 553, 17 N.W.2d 106, 109; Brown v. Schmitz, 237 Iowa 418, 423, 22 N.W.2d 340, 343.

■■ The trial court has a broad discretion in the matter of permitting an amendment during the trial. See citations last above, also Kuiken v. Garrett, 243 Iowa 785, 803, 51 N.W.2d 149, 160; Elson v. Nickles, 240 Iowa 292, 294, 36 N.W.2d 343, 344; Webber v. E. K. Larimer Hdwe. Co., 234 Iowa 1381, 1389, 15 N.W.2d 286, 290. While liberality in permitting amendments has usually been the rule we are not prepared to hold the denial of this amendment was an abuse of discretion.

The action was pending a year and a half before the amendment was tendered. During that time it was appealed to us on the pleadings and went back to the district court for trial. No

excuse was offered for the long delay in seeking to file the amendment.

Further, it does not appear plaintiff was prejudiced by rejection of the amendment. We do not understand it was offered as the statement of a separate or additional cause of action. It asked no additional damages. It was not a separate count but an amendment only to Division IV of the petition. Had it been intended as a distinct cause of action it should have been stated in a separate count. 33 Am. Jur., Libel and Slander, section 234. See also Jean v. Hennessy, 69 Iowa 373, 375, 28 N.W. 645; Bond v. Lotz, 214 Iowa 683, 686, 243 N.W. 586.

Since plaintiff did not claim the statement by Mr. Ahlers at the courthouse constituted a distinct cause of action, evidence concerning it was admissible, if at all, only on the issue of actual malice in making the earlier statement at the Firestone plant declared upon in Division IV. Admissibility of such evidence for the purpose indicated was not dependent upon reference in plaintiff's petition to the later conversation at the courthouse. It was admissible, if at all, under the allegations of actual malice. See Sclar v. Resnick, 192 Iowa 669, 676, 677, 185 N.W. 273; Ladwig v. Heyer, 136 Iowa 196, 199, 113 N.W. 767; Bailey v. Bailey, 94 Iowa 598, 600, 63 N.W. 341; Jean v. Hennessy, supra, 69 Iowa 373, 375, 28 N.W. 645; Prime v. Eastwood, 45 Iowa 640, 642; Hinkle v. Davenport, 38 Iowa 355, 361; annotations 12 A. L. R. 1026, 1029, 86 A. L. R. 1297; 53 C. J. S., Libel and Slander, section 214a, section 187, page 296; 33 Am. Jur., Libel and Slander, section 269. See also Rhynas v. Adkisson, 178 Iowa 287, 296, 297, 159 N.W. 877; Bond v. Lotz, supra, 214 Iowa 683, 686, 243 N.W. 586.

Halley v. Gregg, 74 Iowa 563, 564, 38 N.W. 416, holds it was not error to strike allegations the slanderous statement declared upon was repeated. The opinion says, "It is competent, in actions for slander, to prove a repetition of the slanderous charges, for the purpose of showing malice. [Citations.] But it is wholly unnecessary to plead the repetition of the words. They are merely evidence upon the question of malice." See also in support of our conclusion plaintiff was not prejudiced by

denial of leave to file the amendment Agans v. General Mills, Inc., 242 Iowa 978, 986, 48 N.W.2d 242, 246, 247.

III. Plaintiff offered to prove by the witness Willis that at several times after the trial of her action on the insurance policies he saw an unidentified person in a group of men point to plaintiff at a distance and refer to her as the girl they claimed burned her husband up in the house, also that after Mr. Bannister and Mr. Ahlers came to see Davis at the Firestone plant Davis told fellow workers what the attorneys said, the matter was discussed among the employees and he (Willis) told his wife about it. Defendant objected to the offered testimony as hearsay for which defendant was not responsible and upon other grounds we need not state. The evidence was properly excluded.

We are committed to the rule that evidence of repetition by others of the slander declared upon, without defendant's authority or request, and of rumors and reports of the scandal, is inadmissible for the reasons urged by defendant here. Those who repeat slanderous statements make themselves liable therefor and such repetition cannot be considered a necessary or probable consequence of the original slander. See Mills v. Flynn, 157 Iowa 477, 490–493, 137 N.W. 1082; Schaffhauser Bros. v. Hemmer, 152 Iowa 200, 204, 205, 131 N.W. 6; German Savings Bank v. Fritz, 135 Iowa 44, 46, 47, 109 N.W. 1008; Zurawski v. Reichmann, 116 Iowa 388, 389, 90 N.W. 69; Prime v. Eastwood, supra, 45 Iowa 640, 644.

While there is some lack of uniformity upon this point in other jurisdictions there are many decisions in support of the rule that prevails in Iowa and we think they express the clear weight of authority. See Maytag v. Cummins, 8 Cir., S. D., 171 C. C. A. 110, 260 F. 74, 16 A. L. R. 712, and citations, and annotations 726, 729; 33 Am. Jur., Libel and Slander, sections 197, 286; 53 C. J. S., Libel and Slander, section 207, page 315. Compare Sawyer v. Gilmers, 189 N. C. 7, 126 S.E. 183, 41 A. L. R. 1184, and annotation 1191.

It is evident statements concerning plaintiff made after the trial of the action on the insurance policies may well have been the result of what was said in the course of the trial and

not a consequence of the statement made by Mr. Ahlers at the Firestone plant upon which the action is based.

IV. There remains the vital question of the propriety of directing a verdict against plaintiff on Division IV of her petition. In addition to a denial, defendant pleaded that any statement by its attorney to Davis, a prospective witness in the action on the insurance policies, was privileged. As we have indicated, the trial court ruled the statement by Ahlers to Davis at the Firestone plant was at least qualifiedly (or conditionally) privileged and plaintiff could not recover because there was no publication except to Davis and no evidence of actual malice.

As pointed out in our decision upon the prior appeal, Robinson v. Home Fire & Marine Ins. Co., 242 Iowa 1120, 1125, 49 N.W.2d 521, 524, in Ryan v. Wilson, 231 Iowa 33, 44, 300 N.W. 707, 712, 713, and authorities there cited, privileged communications are divided into two general classes: (1) those absolutely privileged and (2) those qualifiedly or conditionally so. No remedy can be had in a civil action for a communication that is absolutely privileged even though it may have been made maliciously.

Recovery may be had, however, for a defamatory statement that is only qualifiedly privileged upon proof of actual malice toward plaintiff in making it. The qualified privilege relieves the publication from the presumption of malice that would otherwise exist. Fleagle v. Goddard, 188 Iowa 1033, 1037, 1038, 177 N.W. 51, and citations; 53 C. J. S., Libel and Slander, section 89, page 145. Actual malice—frequently called express malice or malice in fact—means personal spite, hatred or ill will. It is not merely malice in law—the intentional doing of a wrongful act without just cause or excuse. Ryan v. Wilson, supra, and citations, at pages 51, 52 of 231 Iowa, page 716 of 300 N.W.; Hemmens v. Nelson, 138 N. Y. 517, 34 N.E. 342, 344, 20 L. R. A. 440; 53 C. J. S., Libel and Slander, section 100.

Plaintiff has the burden to prove actual malice in the making of a defamatory statement that is qualifiedly privileged. The presumption is it was made in good faith without malice. Falsity of the statement is insufficient to raise the in-

ference of malice. Ryan v. Wilson, supra, and citations; German Savings Bank v. Fritz, supra, 135 Iowa 44, 47, 109 N.W. 1008; Faber v. Byrle, 171 Kan. 38, 229 P.2d 718, 25 A. L. R.2d 1379, 1385; Mullens v. Davidson, 133 W. Va. 557, 57 S.E.2d 1, 13 A. L. R.2d 887, 895; Kroger Grocery & Baking Co. v. Yount (Gardner, J.), 8 Cir., Mo., 66 F.2d 700, 92 A. L. R. 1166, 1172; Bereman v. Power Pub. Co., 93 Colo. 581, 27 P.2d 749, 92 A. L. R. 1024, 1027, and citations; Southern Ice Co. v. Black, 136 Tenn. 391, 189 S.W. 861, Ann. Cas. 1917E 695, 698; 53 C. J. S., Libel and Slander, section 101.

 As we pointed out on the former appeal (at page 1131 of 242 Iowa, page 528 of 49 N.W.2d), a qualified privilege may be abused by excessive publication of the defamatory matter, as by knowingly publishing it to a person to whom its publication is not otherwise privileged. See also Kroger Grocery & Baking Co. v. Yount, supra, 8 Cir., Mo., 66 F.2d 700, 92 A. L. R. 1166, 1171; Bereman v. Power Pub. Co., supra, 93 Colo. 581, 27 P.2d 749, 92 A. L. R. 1024, 1027; Kruse v. Rabe, 80 N. J. L. 378, 79 A. 316, 33 L. R. A., N. S., 469, Ann. Cas. 1912A 477, 479; annotation 25 A. L. R.2d 1388, 1393; note Ann. Cas. 1917E 699, 700; 53 C. J. S., Libel and Slander, section 97b, pages 154, 155; 33 Am. Jur., Libel and Slander, section 187.

As previously stated, plaintiff's petition alleges publication to Davis and others unknown to plaintiff. It is apparent from our opinion upon the former appeal the dismissal of Division IV of the petition was reversed because it alleges publication to others than Davis and also actual malice. (See pages 1132, 1133 of 242 Iowa, page 528 of 49 N.W.2d.)

 Upon familiar principles our former opinion establishes the law of the case upon the propositions there considered. Vogt v. City of Grinnell, 133 Iowa 363, 364, 110 N.W. 603; Shannon v. Gaar, 234 Iowa 1360, 1362, 15 N.W.2d 257, 258; Lawson v. Fordyce, 237 Iowa 28, 32–40, 21 N.W.2d 69, 73–77. It would seem, therefore, that if there is substantial evidence of excessive publication to others than Davis or of actual malice Division IV of the petition should have been submitted to the jury.

 We are clear the evidence is insufficient to show publication to others than Davis. When attorneys Bannister and

Ahlers went to the Firestone plant to interview Davis as a prospective witness in the action over the insurance he was called outside the plant from his work and the men talked there. Three or four other Firestone employees happened to be standing eight or ten feet away smoking. There is no testimony they were there by any design or prearrangement of the attorneys or that they heard what was said.

As we said upon the former appeal (at pages 1132, 1133 of 242 Iowa, page 528 of 49 N.W.2d) the mere fact a communication which is qualifiedly privileged is incidentally brought to the attention of others than the one for whom it was intended does not destroy the privilege. Where, however, strangers to the privileged occasion are present at the speaker's invitation or design the privilege is lost. Many authorities support these propositions. See those cited in our former opinion, also Montgomery Ward & Co. v. Watson, 4 Cir., W. Va., 55 F.2d 184, 187; McKenzie v. Wm. J. Burns International Detective Agency, 149 Minn. 311, 183 N.W. 516, 517; Kruse v. Rabe, supra, 80 N. J. L. 378, 79 A. 316, 33 L. R. A., N. S., 469, Ann. Cas. 1912A 477, 479; Parr v. Warren-Lamb Lbr. Co., 58 S. D. 389, 236 N.W. 291, 293; Southern Ice Co. v. Black, supra, 136 Tenn. 391, 189 S.W. 861, Ann. Cas. 1917E 695 and note 699; 33 Am. Jur., Libel and Slander, section 187.

Kroger Grocery & Baking Co. v. Yount, supra, 8 Cir., Mo., 66 F.2d 700, 703, 92 A. L. R. 1166, 1171, cited in our former opinion, makes this statement that is applicable here: "The mere casual presence of bystanders who may hear the communication does not rob the occasion of the protection of the privilege. [Citations.]"

The doctrine upon which plaintiff must rely is thus stated in Bereman v. Power Pub. Co., supra, 93 Colo. 581, 586, 27 P.2d 749, 751, 92 A. L. R. 1024, 1027: "If a defendant deliberately adopts a method of communication that gives unnecessary publicity to defamatory statements, he cannot successfully invoke the defense of qualified privilege." The doctrine is not applicable here.

We are not persuaded there is substantial evidence Mr. Ahlers made the statement declared upon with actual malice

toward plaintiff. Both the petition and answer allege the statement was made while Ahlers was interviewing Davis as a prospective witness in plaintiff's action on the insurance policies. That action was about to be tried and Davis became a witness. There is no evidence either Mr. Ahlers or Mr. Bannister had any motive of spite or ill will or any grudge against plaintiff which induced the statement complained of. So far as shown they were not acquainted with plaintiff. There is nothing to indicate either attorney had any motive in talking to Davis except to discharge what they believed to be their duty toward defendant.

Attorneys should not be unduly limited or circumscribed when investigating the facts in a case they are about to try. They are entitled to the utmost freedom in their efforts to ascertain the truth and secure justice for their client. The conversation here was strictly relevant to the issues in the action about to be tried.

We may repeat here this language from the leading case of Hemmens v. Nelson, supra, 138 N. Y. 517, 524, 34 N.E. 342, 344, 20 L. R. A. 440, 443: "Unless we can find * * * some proof which would warrant the jury in finding the existence of such wicked motive on the part of the defendant when he made the charge in question, then the * * * judgment must stand. The question is not whether the charge is true or false, nor whether the defendant had sufficient cause to believe that the plaintiff sent the letter, or acted hastily, or in a mistake, but the question is, the occasion being privileged, whether there is evidence for the jury that he knew or believed it to be false. The defendant may have arrived at conclusions without sufficient evidence, but the privilege protects him from liability on that ground until the plaintiff has overcome the presumption of good faith by proof of a malicious purpose to defame her character, under cover of the privilege."

Under some circumstances it has been held the defamatory language was sufficient to carry to the jury the issue of actual malice, as where it is out of all proportion to the occasion. "But to be sufficient for such purpose it must of itself have a reasonable tendency to prove that the false accusation proceeds from

the ill will or ulterior motive which is the essence of malice, not merely that the person making it is angry because he believes it to be true." Montgomery Ward & Co. v. Watson, supra, 4 Cir., W. Va. (Parker, J.), 55 F.2d 184, 188. We think this is not such a case.

The use of strong or offensive language, in bad taste or want of sound judgment, if the speaker thinks the language is justified, is not evidence of malice. Kroger Grocery & Baking Co. v. Yount, supra, 8 Cir., Mo., 66 F.2d 700, 92 A. L. R. 1166, 1172; Massee v. Williams, 6 Cir., Tenn., 124 C. C. A. 492, 207 F. 222, 230, 231; Bereman v. Power Pub. Co., supra, 93 Colo. 581, 27 P.2d 749, 92 A. L. R. 1024, 1028, 1029; Hayden v. Hasbrouck, 34 R. I. 556, 84 A. 1087, 42 L. R. A., N. S., 1109, 1114; 53 C. J. S., Libel and Slander, section 100, page 160 ("The court will not submit the language used to too strict a scrutiny, and strong and intemperate language is not alone sufficient to show malice, although strong or violent language disproportionate to the occasion may raise an inference of malice * * *.").

We said in Division II hereof that evidence of the subsequent statement by Ahlers at the courthouse was admissible, if at all, on the issue of actual malice in making the earlier statement at the Firestone plant. The point there made is that admissibility of such evidence was not dependent upon reference in plaintiff's petition to the later conversation. Plaintiff has not argued such evidence was admissible for the purpose of showing malice nor has he assigned or argued any separate error in not admitting it.

It is clear other defamatory publications similar to the one charged are generally admissible on the issue of actual malice, provided they are not privileged. See Sclar v. Resnick, supra, 192 Iowa 669, 676, 677, 185 N.W. 273, and other authorities cited near the end of Division II. It has usually been held, however, that other privileged communications may not be shown to prove malice in the making of the privileged communication declared upon, at least until there is other testimony tending to prove such malice. See Melcher v. Beeler, 48 Colo. 233, 110 P. 181, 139 Am. St. Rep. 273, 279; Shinglemeyer v. Wright, 124 Mich. 230, 82 N.W. 887, 890, 50 L. R. A. 129; McGinnis

v. Phillips, 224 Mo. App. 702, 27 S.W.2d 467, 469; Lauder v. Jones, 13 N. D. 525, 101 N.W. 907, 917; Hayden v. Hasbrouck, supra, 34 R. I. 556, 84 A. 1087, 42 L. R. A., N. S., 1109, 1115; 53 C. J. S., Libel and Slander, section 214e, pages 323, 324 ("In general, privileged communications are not admissible to prove malice, although there are decisions to the contrary.").

Lauder v. Jones, supra, at page 554 of 13 N. D. says, "It ought to be self-evident that a statement made under circumstances from which the law presumes that it was made in good faith and without malice cannot afford proof that a similar or other statements were made with malice."

Hayden v. Hasbrouck, supra, says of the admissibility of evidence of other privileged communications to show malice in making the privileged communication complained of, "We find the better reason and ample authority in favor of the rule that 'privileged communications which cannot themselves form the basis for an action of slander are not admissible for the purpose of showing malice in other communications.' [Citations.]" 34 R. I. at page 567, 84 A., page 1091.

Davis v. Starrett, 97 Maine 568, 55 A. 516, 518, is frequently referred to in texts as holding that other communications, although privileged, are admissible to show malice. That holding, if it is such, is criticised as unsound in Lauder v. Jones, supra, 13 N. D. 525, 557, 101 N.W. 907, 918; McGinnis v. Phillips, supra, 224 Mo. App. 702, 27 S.W.2d 467, and Hayden v. Hasbrouck, supra, 34 R. I. 556, 84 A. 1087, 42 L. R. A., N. S., 1109, 1115, which carefully analyzes Davis v. Starrett.

Pursuant to the above authorities we are inclined to the view that evidence of the statement at the courthouse was not admissible, even for the purpose of showing malice in making the earlier statement at the Firestone plant, if the courthouse statement was at least qualifiedly privileged and therefore presumed to have been made in good faith, without malice.

We think it is clear the communication at the courthouse was qualifiedly privileged as much as the one at the Firestone plant. As before stated, Davis was a witness upon the trial of the action over the insurance. The trial was about to take place. Ahlers was one of defendant's attorneys who had previously

interviewed Davis. It was not unnatural he would speak to Davis again upon a matter pertinent and material to the issue on trial. It may be conceded some of the language imputed to Ahlers at the courthouse was offensive and in bad taste, to say the least. The indignation expressed by him, however, was largely toward Davis because he had not gone to Ahlers's office, rather than toward plaintiff.

· Among authorities that support our conclusion there is insufficient evidence of actual malice are Kroger Grocery & Baking Co. v. Yount, supra, 8 Cir., Mo., 66 F.2d 700, 92 A. L. R. 1166; Montgomery Ward & Co. v. Watson, supra, 4 Cir., W. Va., 55 F.2d 184; Bereman v. Power Pub. Co., supra, 93 Colo. 581, 27 P.2d 749, 92 A. L. R. 1024; Faber v. Byrle, supra, 171 Kan. 38, 229 P.2d 718, 25 A. L. R.2d 1379; Fahr v. Hayes, 50 N. J. L. 275, 13 A. 261. See also Craig v. Burris, 4 Penne. (Del.) 156, 55 A. 353.—Affirmed.

All JUSTICES concur.